BEN PORITZKY, Plaintiff, *v.* " HERMAN " WACHTEL, etc., Defendant.

Supreme Court, Putnam County, April 11, 1941.

*Ira Kadetsky,* for the plaintiff.

*Frabstein & Markowitz,* for the defendant.

PATTERSON, J. This is a motion for summary judgment. Most of the facts are not in dispute and the situation involved presents a novel question. As the facts are important, I will briefly recite them.

In the year 1932 the defendant opened an account with plaintiff butcher on behalf of Camp Secor, Inc. Said corporation was

organized in 1930 and ran a camp in Putnam county and defendant was its president. Plaintiff thereafter between the years 1932 and 1937 furnished meats and poultry to said camp upon order of the defendant until in 1937 a balance in the sum of $2,180.50 remained unpaid. The amount of this balance is not in dispute and in fact, prior to the institution of the within action, a check in the name of the corporation, signed by defendant, its president, for the amount claimed was delivered to plaintiff but payment of said check was later stopped.

It appears that by reason of the failure of the corporation to pay its State franchise taxes, it was dissolved by proclamation of the Secretary of State on December 16, 1935, pursuant to section 203-a of the Tax Law. It is not disputed that defendant continued thereafter to order from plaintiff meats and other products.

Defendant takes the position, however, that he placed said orders on behalf of the corporation. This, no doubt is true up to the time the corporation was dissolved. Upon dissolution of the corporation, however, defendant knowing, or being charged at least as its president with knowledge of its dissolution, had no further right to obligate the corporation or to continue its business while it remained dissolved.

Upon discovery of the dissolution of the corporation, plaintiff, on July 6, 1940, commenced the within action against defendant individually. After the interposition of the answer consisting of a general denial, plaintiff served the within motion for summary judgment on January 31, 1941. After the original return date of the motion for summary judgment, at which time an adjournment was granted, the franchise taxes for the corporation were paid, and the corporation was reinstated on March 15, 1941.

Subdivision 7 of section 203-a of the Tax Law provides as follows: " The filing of such certificate shall have the effect of annulling all of the proceedings theretofore taken for the dissolution of such corporation under the provisions of this section and it shall thereupon have such corporate powers, rights, duties and obligations as it had on the date of the publication of the proclamation, with the same force and effect as if such proclamation had not been made or published."

It does not seem to be disputed that if the corporation had not in fact been reinstated, the defendant in purporting to do business in the name of a non-existent corporation, would be individually liable for merchandise furnished. Defendant argues, however, that the corporation having been reinstated under the above-quoted section of the Tax Law, said reinstatement operated retroactively to restore the corporate entity and identity of the corporation

during the entire time the obligation arose, thereby validating *ab initio* the acts of defendant as its president in ordering merchandise on its behalf, with the result that it, and not defendant, is alone liable.

It appears to me that the Legislature in enacting said section of the Tax Law never intended it to be applied to effectuate such a result.

Plaintiff claims that the corporation was a closely held one and for several years has been without assets, so that if he is limited to an action against the corporation he will have a valueless remedy. This is not denied.

To approve the application of the statute which the defendant urges would encourage fraud and abuse. Under such a construction, a former officer of a dissolved corporation could obtain credit and then upon subsequent discovery of the non-existence of the corporation, by merely paying arrears in franchise taxes, could shift the personal liability which the law would otherwise impose upon him, back to the corporation. I am not inclined, therefore, to adopt the construction of the statute urged by defendant.

Furthermore, it appears to me that the validity or invalidity of the cause of action upon which the motion for summary judgment is made, must depend upon the facts existing at the time the action was commenced, or at least, at the time the motion for summary judgment was made.

The motion is, therefore, granted.