A. A. Sutain, Ltd., Appellant, *v.* Montgomery Ward & Company, Respondent.

First Department, April 1, 1965.

*Alfred H. Adler* of counsel (*Joseph Goldberg* with him on the brief; *Adler & Adler,* attorneys), for appellant.

*John M. Johnston* of counsel (*Gerald L. Bader, Jr.,* with him on the brief; *White & Case,* attorneys), for respondent.

EAGER, J.   This action was brought to recover for breach of alleged contract, made on or about April 12, 1960, whereby the defendant agreed to purchase from the plaintiff certain goods at an agreed price.  The plaintiff alleges that it duly performed all the terms of the contract but that the defendant refused to accept delivery of the goods.  A jury verdict was rendered in favor of plaintiff but the trial court, having reserved decision on a motion to dismiss made at the close of plaintiff's case and renewed at the close of the entire case, set aside the verdict and granted the motion.

The dismissal of the action by the trial court was upon the ground that the plaintiff, an alleged corporation, "had no capacity to enter into the agreement which formed the basis of this action" and "had no capacity to sue when the action was brought".

It appeared upon the trial that the plaintiff corporation had been dissolved in 1956 by proclamation of the Secretary of State pursuant to section 203-a of the Tax Law for nonpayment of taxes.  This occurred prior to the making of the alleged contract, which was in 1960.  On September 11, 1963, following the institution of the action, and before the trial, the plaintiff corporation was revived and reinstated by a certificate duly filed in the office of the Department of State.

The complaint of the plaintiff, suing in the name of "A. A. Sutain, Inc.", expressly alleged that, at all the times mentioned in the complaint, including at the time of the contracting and alleged breach of contract, it "was and still is" a corporation existing under and by virtue of the laws of the State of New York.  The defendant's answer, interposed on July 31, 1961, generally denied such allegation of corporate status, but, since it contained no affirmative allegation that the plaintiff was not a corporation, the answer failed to raise an issue as to the plaintiff's status and capacity to sue.  (See former Rules Civ. Prac., rule 93; 3 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 3015.09; *Joint Stock Co.* v. *National City Bank*, 240 N. Y. 368; *Commercial Exch. Bank* v. *Woodward*, 198 App. Div. 769; *Harmon Nat. Real Estate Corp.* v. *Egan*, 137 Misc. 297; *Island Small Business Inv. Corp.* v. *Primrose Homes Corp.*, 33 Misc 2d 140.)

On the opening of the trial, the trial court granted plaintiff's motion to amend the caption of the action to indicate that the name of the plaintiff was "A. A. Sutain, Ltd." instead of "A. A. Sutain, Inc."  This amendment, which had the effect merely of correcting a mistake in the designation of plaintiff's name, did not result in any change in parties or in the status

of the pleadings. (See CPLR 2001; *Ward* v. *Terry & Tench Constr. Co.*, 118 App. Div. 80, affd. 189 N. Y. 542.) In fact, counsel for the defendant stated that he had no objection to the amendment.

The trial proceeded in the usual manner and, in the course of cross-examination of the president of the plaintiff corporation, it was established that, as aforesaid, the corporation had been dissolved in 1956 by proclamation pursuant to section 203-a of the Tax Law. The president testified, however, that the corporation was engaged in business in 1960; that the taxes had been paid in 1960; that the dissolution by the Secretary of State occurred through a mistake in the crediting to another corporation of the taxes paid by plaintiff; that this was cleared up; and that "the corporation was always in existence. It still is in existence today." This testimony was not objected to by defendant.

Following the closing of plaintiff's proof, which made out a prima facie case, and, preliminary to a motion to dismiss, the defendant moved to amend its answer "to set up the affirmative defense of lack of capacity to sue, and that the pleadings conform to the proof in that respect". But, as noted, the plaintiff's alleged disability to sue had ended as of a time prior to the commencement of the trial. Inasmuch as it had been officially revived, reinstated and continued by certificate duly filed on September 11, 1963, the proposed defense, insofar as it would allege the incapacity of plaintiff to maintain the action, lacked merit. Under the circumstances, the motion to interpose such defense, as it was framed by defense counsel, should have been denied.

The defendant, however, in connection with its motion to dismiss made at the close of plaintiff's case and renewed at the close of the entire case, also urged that the plaintiff, at the time of the making of the alleged contract, lacked "capacity to enter into a binding agreement". This contention of defendant, as distinguished from a claim merely of incapacity to sue, was in the nature of a defense directed to the merits of plaintiff's alleged cause of action. The defendant's point was that the alleged contract lacked validity because the plaintiff, being a dissolved corporation, had no power to contract. The plaintiff, however, took the position that the defendant had waived the point in that the lack of capacity to contract had not been affirmatively pleaded as a defense.

The burden of establishing the lack of capacity of a party to enter into a contract, which otherwise appears upon its face to be valid, rests upon the party asserting the incapacity. (See

17A C. J. S., Contracts, § 584, subd. b, p. 1124.) The alleged incapacity to contract "would raise issues of fact" not already raised by the prior pleadings in this particular action (see CPLR 3018, subd. [b]). Being "new matter that tends to defeat the claims in an earlier pleading" it should have been pleaded as an affirmative defense. "[D]efenses by way of abatement or avoidance or defenses that depend on new facts or facts collateral to those already appearing in the pleadings must be included in the responsive pleading." (3 Weinstein-Korn-Miller, *supra,* par. 3018.15.)

Here, according to plaintiff's allegations and proofs, the defendant contracted and dealt with the plaintiff as if it were a duly existing entity. As heretofore noted, the defendant did not question plaintiff's capacity until the close of plaintiff's case during which testimony had been received, without objection, tending to establish that the dissolution of plaintiff had occurred through a mistake and that the plaintiff was always in existence. If the corporation, following dissolution, had continued to carry on its affairs and to exercise its corporate powers in a normal way following the expiration of its existence, it would be considered a *de facto* corporation and ordinarily no one but the State could question its corporate existence. (*Garzo* v. *Maid of Mist Steamboat Co.,* 303 N. Y. 516, 524, citing cases.) In any event, the defendant proceeded to trial with respect to the merits of plaintiff's alleged cause of action without raising any question with regard to the validity of the contract. Under the circumstances, the defendant was estopped from questioning plaintiff's existence and its capacity as such to make the contract which was the subject of the suit. (See 18 C. J. S., Corporations, § 108, p. 503; 8 Fletcher, Private Corporations, § 3910, p. 245.) It was improper at the close of plaintiff's case to allow the defendant to interject this issue into the case with or without an amendment of its answer.

The order of the trial court setting aside the verdict and dismissing the complaint cannot stand. The judgment dismissing the complaint should be reversed, on the law, on the facts, and in the exercise of discretion, the verdict reinstated, and judgment should be entered for the plaintiff upon the verdict of the jury, with interest, taxable costs and disbursements.

BREITEL, J. P., VALENTE, STEVENS and STEUER, JJ., concur.

Judgment dismissing the complaint unanimously reversed, on the law, on the facts, and in the exercise of discretion, the verdict reinstated, and judgment entered for the plaintiff upon the verdict of the jury, with interest, taxable costs and disbursements. Settle order on notice.