KESSLER DISTRIBUTING COMPANY, A Corporation, Plaintiff-Appellee,

v.

Marion NEILL, Defendant-Appellant.

No. 2–66354.

Court of Appeals of Iowa.

Decided Jan. 26, 1982.

George E. Wright of Napier, Wright & Wolf, Fort Madison, for defendant-appellant.

Marcus V. Hobert, Fairfield, for plaintiff-appellee.

CARTER, Judge.

Defendant Marion Neill appeals the personal judgment entered against him and in favor of plaintiff, Kessler Distributing Company, in an action on an account. The issues on appeal involve the extent to which an officer of a corporation may be personally liable for debts purportedly incurred by the corporation during a period of time when its corporate charter was revoked for failure to file annual reports.

The action having been tried at law, the trial court's findings on the factual issues have the effect of a special verdict and are binding on the appellate court if supported by substantial evidence. Iowa R.App.P. 4. When the evidence is viewed in this light, we believe it supports the following view of the facts.

Big Valley Industries, Inc. (hereinafter called Big Valley) was incorporated under the laws of the State of Missouri on June 7, 1972. Prior to any of the transactions involved in the present action, that corporation had obtained a certificate of authority from the Secretary of State of the State of Iowa to transact business in this state. In January of 1977, Big Valley's corporate charter was forfeited by Missouri officials for failure to file an annual report as required by the laws of that state. This status continued until September 29, 1980, when its charter was reinstated by Missouri officials and the corporation returned to good standing.

The transactions for which recovery is sought in the present action are sales of equipment, equipment rentals, and services, all of which took place between February 9, 1979 and September 4, 1979, during which time Big Valley's corporate charter was revoked, but its Iowa certificate of authority was still in force.[1] The record does not reflect the circumstances under which the goods and services were ordered from the plaintiff, but the delivery tickets were made out to Big Valley and the goods were receipted for by defendant and two other persons on behalf of Big Valley. Partial payment for the goods and services was made to the plaintiff by checks written on the account of Big Valley Industries, Inc. and signed by the defendant as president of that entity. Discussions over payment of the balance of the account took place between the defendant and representatives of the plaintiff. Defendant came to plaintiff's office for this purpose and indicated that the problem was shortage of money. Other

---

1. This certificate of authority was revoked by the Iowa Secretary of State on November 21, 1979, and not reinstated until September 26, 1980.

facts which are of significance are related as part of our discussion of the legal issues involved.

■ I. *Does Section 496A.141, The Code, Apply so as to Confer Personal Liability on Defendant*? The first issue on appeal involves the general applicability to the present case of section 496A.141, The Code, which provides:

> All persons who assume to act as a corporation without authority so to do shall be jointly and severally liable for all debts and liabilities incurred or arising as a result thereof.

Plaintiff suggests that the effect of this statute is that when a corporation, foreign or domestic, loses authority to act under its charter, then those persons who continue to act under the guise of the corporation become personally liable for liabilities thereby incurred in the name of the corporate entity. Defendant suggests that such liability arises only with respect to corporate promoters or organizers and that there is no proof that he is either. The trial court, although not referring to section 496A.141, concluded that one who acts as president of a corporation which has, prior thereto, forfeited its charter, becomes personally liable for transactions thereby undertaken. We agree with this determination as applied to defendant's acts in the present case. We believe it to be in accordance with general principles of corporate law[2] as well as reflecting a proper application of the clear language of section 496A.141, The Code. In so holding, we specifically note that section 496A.104, The Code, provides that a foreign corporation "shall be subject to the same duties, restrictions, penalties and liabilities now or hereafter imposed upon a domestic corporation of like character."

In our application of section 496A.104 and section 496A.141 to the present factual situation, we further hold that defendant's authority to act for the foreign corporation ceased with the revocation of its Missouri charter, notwithstanding the fact that its Iowa certificate of authority continued in force beyond this time. The Iowa certificate of authority merely recognized the grant of authority issued to the corporation by the State of Missouri. Iowa cannot and did not grant greater rights or powers than the state which created the corporation. To hold otherwise would be to provide a foreign corporation more favorable treatment than domestic corporations receive under the laws of this state contrary to the specific provisions of section 496A.104.

■ II. *Did the Liability Result from an Act of Defendant Carried Out Without Corporate Authority*? Next, defendant asserts that the record fails to show that he ordered the goods and services for which recovery was awarded or that such goods and services were supplied for his benefit. He urges that such a showing is a requisite for visiting personal liability upon him for the transactions before the court. For purposes of deciding the present controversy, we agree with defendant's contention that section 496A.141 does not automatically render corporate officers liable for all debts and liabilities incurred in the name of the corporation while its charter is revoked.[3] Some showing that the party sought to be charged acted alone or in concert with others so as to be a producing cause of the particular debt or liability sought to be recovered is also an element of proof essential to recovery. But even accepting these principles, we believe the facts and circumstances shown in the present record are sufficient to support the trial court's determination of personal liability on defendant's part. He was the president of the corporation, receipted on its behalf for some of the goods and services for which claim is made,[4]

2. *See generally*, 19 Am.Jur.2d *Corporations*, § 1650 at 1000–01; *First National Bank v. Silberstein*, 398 S.W.2d 914 (Tex.1966); *Moore v. Rommel*, 233 Ark. 989, 350 S.W.2d 190 (1961); *Bulova Watch Co. v. Roberts Jewelers of Rock Hill*, 240 S.C. 280, 125 S.E.2d 643 (1962).

3. For a case supporting this view under prior Iowa law, *see Commercial National Bank v. Gilinsky*, 142 Iowa 178, 120 N.W. 476 (1909).

4. Of eleven deliveries of equipment receipted for in 1979, defendant personally receipted for seven. Defendant wrote checks for partial payment on the account on February 12, 1979,

and subsequently discussed with plaintiff the matter of the unpaid account. From the foregoing facts, we believe the trial court could well have inferred that acts of the defendant either alone or in concert with others were a producing cause of the debts and liabilities to plaintiff upon which judgment was awarded in the present action.

■ In sustaining the trial court's judgment on this matter, we also reject defendant's contention that in order to recover plaintiff must establish that defendant knew the corporate charter was revoked at the time of the transactions in question. While we believe from our examination of the record that it is highly unlikely that defendant did not know of the revocation of the corporate charter, we conclude that such knowledge is not essential in order to sustain defendant's personal liability under section 496A.141. Support for this conclusion is found in *Ryerson & Son v. Shaw*, 277 Ill. 524, 115 N.E. 650 (1917).

and April 21, 1979, and receipted for goods received on May 14, 16, 21 and 24 (two) and

■ III. *Was Defendant Absolved of Personal Liability When the Corporate Charter was Reinstated Subsequent to the Transactions Upon Which Suit was Brought?* Lastly, defendant urges that section 496A.141 cannot now be applied to sustain a claim of personal liability on his part because the corporate charter of Big Valley was reinstated in Missouri prior to judgment in the present case. We disagree. Reinstatement of the corporate charter should not be viewed as retroactively restoring the privilege of limited liability with respect to transactions which took place during the period of time when the corporate charter was revoked. For a case so holding, *see Bergy Bros., Inc. v. Zeeland Feeder Pig, Inc.*, 96 Mich.App. 111, 292 N.W.2d 493 (1980) (holding personal liability of officers continues although liability of corporation is retroactively reinstated).

We have considered all issues presented and conclude that the case was properly decided by the trial court.

AFFIRMED.

also on July 20 and 24, all in 1979.