PRENTICE CORPORATION, Plaintiff,

v.

Joseph MARTIN, Defendant.

No. 85 C 1635.

United States District Court,
E.D. New York.

Jan. 2, 1986.

Edwards & Angell, New York City, (David M. Olasov, of counsel), for plaintiff.

Robert Topper, New York City, for defendant.

MEMORANDUM AND ORDER

NICKERSON, District Judge.

Plaintiff moves for summary judgment pursuant to Rule 56(a) of the Federal Rules of Civil Procedure, and defendant cross-moves for summary judgment pursuant to Rule 56(b).

Plaintiff claims that defendant is personally liable for a judgment plaintiff obtained against Related Industries, Inc., (Related) in a prior lawsuit. In addition plaintiff seeks punitive damages and asserts that in the prior lawsuit defendant intentionally misrepresented its status as a New York corporation.

Defendant is the president, chief operating officer, and principal shareholder of Related, which was organized as a New York corporation on September 19, 1977. On June 24, 1981 the Secretary of the State of New York involuntarily dissolved Related pursuant to section 203–a of the New York State Tax Law for failure to pay franchise taxes. Related was reinstated to corporate status on January 1, 1985. After the dissolution and before reinstatement, defendant, purporting to act on behalf of Related, entered into two contracts with plaintiff. Following Related's breach of contract, plaintiff obtained a judgment of $98,280.36. *Prentice Corp. v. Related In-*

*dustries*, No. 84–0725, (E.D.N.Y. Oct. 23, 1984). Familiarity with this court's memorandum in the matter is assumed. To date Related has paid $6,903.22 on the judgment.

■ Plaintiff argues that defendant is personally liable for the judgment against Related because he entered into the contracts at issue after the dissolution, and under the New York Business Corporation Law he lacked authority to do so. Defendant does not deny that the contracts were entered into before the reinstatement. He contends that he is not personally liable because plaintiff and Related entered into the contracts in their corporate capacities. In addition, he says that he did not know of Related's dissolution until November 1984, after this court's judgment.

Section 203–a of the New York State Tax Law provides that a corporation may be involuntarily dissolved by proclamation of the Secretary of New York State for failure to file reports or to pay taxes. Section 203–a(7) provides that a corporation may be reinstated to its full corporate status upon filing a certificate that it has paid all franchise taxes, penalties, and interest charges. Under the New York Business Corporation Law a dissolved corporation, including one dissolved pursuant to section 203–a of the Tax Law, may not carry on any business except that necessary to wind up its affairs, N.Y.Bus.Corp.Law §§ 1005(a)(1), 1009.

Both the Business Corporation Law and section 203–a of the Tax Law are silent as to the consequences of conducting business in violation of section 1005(a)(1). There is no consistent pattern in the holdings of the New York Courts on the matter. Plaintiff relies mainly on a decision of the Supreme Court, Putnam County, *Poritzky v. Wachtel*, 176 Misc. 633, 27 N.Y.S.2d 316 (N.Y. Sup.Ct.1941). There, without discussion or citation of judicial authority, the court held defendant personally liable for debts he incurred on behalf of a dissolved corporation.

However, the Court of Appeals of the State of New York has recognized that where a dissolved corporation "carries on its affairs and exercises corporate powers as before, it is a *de facto* corporation ..., and ordinarily no one but the state may question its corporate existence." *Grazo v. Maid of the Mist Steamboat Co.*, 303 N.Y. 516, 524, 104 N.E.2d 882, 887 (1952). That *dictum* was, of course, delivered in a case where minority stockholders objected to the revival of a corporation whose charter was inadvertently allowed to expire.

Somewhat closer on the facts is *Sacks v. Anne Realty Co.*, 131 Misc. 117, 225 N.Y.S. 370 (N.Y.Sup.Ct.1927), in which the plaintiffs sued for damages the directors of a purported corporation that entered into a contract with plaintiffs. In fact the purported corporation had not completed its organization as required by law. The court held that since the corporation was *de facto* it had "a substantial legal existence as a corporate entity" and possessed "the same powers and same liabilities as a *de jure* corporation in relation to all persons, except the State," and the plaintiffs had no claim against the directors personally. The court also held that a person who has dealt with an association so as to "admit its legal existence as a body corporate" is estopped to deny its corporate existence.

The corollary of the *Sacks* case is seen in *D & W Central Station Alarm Co. v. Copymasters, Inc.*, 122 Misc.2d 453, 457, 471 N.Y.S.2d 464, 466 (N.Y.Civ.Ct.1983). There a defendant corporation was dissolved pursuant to section 203–a of the Tax Law for failure to pay franchise taxes but continued to operate, reincorporating by filing a new certificate of incorporation. It sought to avoid a liability incurred to plaintiff between dissolution and reincorporation. The court held that the defendant after its dissolution was a *de facto* corporation and could not avoid liability on the theory it had no existence. Indeed, the court said, the corporation was estopped from doing so.

It is true that none of these decisions is precisely in point except the *Poritzky* case. However, this court is persuaded from the tenor of the other opinions in New York

that the *Poritzky* opinion does not fairly represent this state's law. The *dictum* in the *Grazo* case, *supra*, that ordinarily no one but the state may question a *de facto* corporation's existence seems particularly pertinent in the case of a dissolution under section 203–a of the Tax Law.

The good sense of restricting a plaintiff, absent fraud, to his remedy against the corporation where an involuntary dissolution has occurred for failure to pay taxes is illustrated by *Held v. Crosthwaite*, 260 F. 613 (2d Cir.1919). There, just as here, the plaintiff sought to recover against the directors of a corporation on a contract entered into by them in the name of and on behalf of a corporation whose charter had been revoked pursuant to a New Jersey law for nonpayment of taxes. The charter was thereafter reinstated when the corporation paid its taxes. The District Judge, Augustus N. Hand, entered judgment for defendants, and the Court of Appeals affirmed, holding that the reinstatement validated the acts of the directors "as if the charter had never been repealed."

The *Held* case construed the New Jersey and not the New York statutes. But its reasoning is persuasive. The object of the legislation in both states was "the collection of revenue for the state." 260 F. at 616

In the light of the substantial judicial authority that generally only the state may question corporate existence, *see Grazo v. Maid of the Mist Steamboat Co., supra; A.A. Sutain Ltd. v. Montgomery Ward Co.*, 22 A.D.2d 607, 257 N.Y.S.2d 724 (N.Y. App.Div.1965); *Bowditch v. 57 Laight St. Corp.*, 111 Misc.2d 255, 443 N.Y.S.2d 785 (N.Y.Sup.Ct.1980), it is fair to infer that the legislature, had it wished to encourage payment of taxes by permitting private parties to recover against the individuals who act on behalf of the dissolved corporation, would have said so. Yet here neither the Business Corporation Law nor the Tax Law expressly imposes personal liability on them.

In contrast courts outside New York that have imposed personal liability on such in-

dividuals generally have done so pursuant to explicit statutory provisions. *See, e.g., Moore v. Occupational Safety & Health Review Com'n*, 591 F.2d 991 (4th Cir.1974) (interpreting Virginia law); *Estate of Plepel v. Industrial Metals, Inc.*, 115 Ill. App.3d 803, 71 Ill.Dec. 365, 450 N.E.2d 1244 (Ill.App.Ct.1983), *Kessler Distributing Co. v. Neill*, 317 N.W.2d 519 (Iowa Ct.App.1982).

In the present case both parties agree that Related held itself out as a corporation and purported to exercise the powers and functions of a corporation in its dealings with plaintiff. Plaintiff's remedy is only against Related unless the defendant acted fraudulently or in bad faith. In the latter event, defendant may be held personally liable. *See Held*, 260 F. at 617.

▪ Plaintiff alleges that defendant deliberately misrepresented Related's corporate status to it and to the court. Defendant denies the fraud. Since there is a material issue of fact concerning defendant's alleged fraudulent conduct, the motions of both parties for summary judgment are denied.

So ordered.