■ MORTIMER J. PROPP et al., Appellants, v CHAYA AMUSEMENT CORP. et al., Respondents.—Order, Supreme Court, New York County (David Edwards, Jr., J.), entered on March 23, 1989, which, *inter alia,* granted defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, with costs.

In this action by plaintiffs landlords for a declaration as to which of the defendants was entitled to be the tenant of record of a rent-stabilized apartment, and for reformation of the lease, substituting one of the named defendants, Isabelle Abraham, in place of another, corporate defendant Chaya Amusement Corp., on the lease, plaintiffs allege that corporate defendant Chaya had been dissolved and that the defendants had fraudulently induced the plaintiffs into renewing the rent-stabilized lease despite corporate defendant Chaya's nonexistence.

Although, in 1974, corporate defendant Chaya was dissolved by the Secretary of State for failure to pay its franchise taxes, nevertheless, the corporate defendant was reinstated to de jure status, nunc pro tunc, with the lease renewal in question entered into during the period of delinquency retroactively validated, when the corporate defendant, in 1987, paid the delinquent franchise taxes and was reinstated by the Secretary of State *(Matter of 172 E. 122 St. Tenants Assn. v Schwarz,* 73 NY2d 340; Business Corporation Law § 203 [a]; § 1006 [b]; Tax Law § 203-a [7], [8]).

The record reveals that plaintiffs failed to submit evidentiary proof demonstrating their entitlement to reformation of the renewal lease based upon a mutual mistake of fact or a unilateral mistake coupled with fraud. *(See, Chimart Assocs. v Paul,* 66 NY2d 570, 574.) Concur—Sullivan, J. P., Milonas, Rosenberger and Wallach, JJ.