**David R. PEPIN, Tax Collector for the City of Warwick,**

v.

**Arthur J. DONOVAN, Jr., d/b/a Yankee Auto Rental.**

No. 90–36–A.

Supreme Court of Rhode Island.

Nov. 1, 1990.

Robert Rossi, Rossi Law Offices, Ltd., East Providence, for plaintiff.

Alan P. Jurista, Thomas J. Brady, Inc., Tiverton, for defendant.

OPINION

PER CURIAM.

This case came before a hearing panel of this court pursuant to a motion filed by the defendant, Arthur J. Donovan, Jr., d/b/a Yankee Auto Rental (Yankee), who sought to appeal both the denial of his motion for summary judgment and the granting of the plaintiff's motion for summary judgment.

It is undisputed that on November 21, 1979, pursuant to Yankee's failure to file a 1979 annual report, its corporate charter was revoked. The defendant, however, continued to do business as a corporation. Likewise throughout this period of revocation, the city of Warwick continued to assess taxes.

On April 30, 1987, the city brought this action against defendant individually for delinquent automobile excise taxes assessed against Yankee during 1981, 1982, and 1983. On April 6, 1988, however, the General Assembly passed special legislation allowing the retroactive reinstatement of Yankee's corporate charter.

Both parties filed motions for summary judgment. The defendant alleged that the retroactive reinstatement of his corporate

**718**

charter prevented the city from pursuing him personally for the delinquent excise taxes incurred by Yankee. Additionally defendant claimed that because he was not a resident of Rhode Island, the city lacked the statutory authority to bring the action. The trial justice disagreed with defendant and granted the city's motion for summary judgment.

This court has never ruled on the question of whether a retroactive charter reinstatement relieves those individuals who acted as a corporation during the period of revocation from personal liability. The New York Supreme Court, however, considered the question in *Poritzky v. Wachtel*, 176 Misc. 633, 27 N.Y.S.2d 316 (1941). The court held that a corporate president could be held individually liable for back taxes incurred by the corporation during a period of revocation, despite the eventual retroactive reinstatement of its charter. *Id.* at 634–35, 27 N.Y.S.2d at 317–18. The court pointed out that a ruling to the contrary "would encourage fraud and abuse." *Id.* at 635, 27 N.Y.S.2d at 318. The United States Court of Appeals for the Fourth Circuit also considered the issue. In *Moore v. Occupational Safety and Health Review Commission*, 591 F.2d 991, 996 (4th Cir.1979), the court held that the Virginia corporate-reinstatement statute was specific in not relieving the directors, who had continued the corporate business during the interim between revocation and reinstatement, from individual liability. The court went on to say, however, that those states that have relieved directors from individual liability have done so pursuant to special statutory provisions mandating such a result. *Id.* at 995–96 n. 14. Absent that specific language, the court noted, the majority of jurisdictions have imposed individual liability in such situations. *Id.* We find the reasoning of the New York Supreme Court and the United States Court of Appeals for the Fourth Circuit compelling and apply it to the present case. Accordingly we find that the trial justice was correct in granting the city's motion for summary judgment, finding defendant personally liable for the delinquent excise taxes.

We turn now to defendant's claim that because he is not a Rhode Island resident, the city lacks the statutory authority to initiate this action. As the trial justice correctly pointed out, a strict reading of the statute appears to support the defendant's position in respect to actions by the tax collector. The defendant urges us to construe the statute to preclude an action not only by the tax collector, but by the city itself in its corporate capacity. This court, however, will not construe a statute so as to bring about a patently absurd result. *Flather v. Norberg*, 119 R.I. 276, 279, 377 A.2d 225, 228 (1977). We agree with the trial justice, therefore, that G.L. 1956 (1988 Reenactment) § 44–34–1 must be read not only to grant a city or town the capacity to collect motor vehicle taxes, but also to grant them a cause of action for the collection of unpaid excise taxes. Additionally there is nothing in the statute to restrict its application to Rhode Island residents only.

Accordingly the defendant's appeal is denied and dismissed. The judgment appealed from is affirmed, and the papers in this case are remanded to the Superior Court with our decision endorsed thereon.

KELLEHER and SHEA, JJ., did not participate.