*862 OPINION OF THE COURT
Howard Miller, J.
Plaintiff brings this action upon a contract between plaintiff and Rapid Access Consulting, Inc. (Rapid) dated August 17,
1994, pursuant to which plaintiff was to render services to Rapid at the rate of $475 per day. Ms. Claudia Annicet, testifying on behalf of plaintiff, stated that services were rendered to Rapid from June 16, 1995 to June 30, 1995, for which $6,650 was billed on June 30, 1995. Plaintiff received a check from Rapid for this amount, but the check was not honored by the bank due to a "stop payment” order from defendants. On July 14, 1995, plaintiff billed Rapid $4,750 and, on that same date, notified Rapid by facsimile mail that the contract between plaintiff and Rapid would terminate July 31, 1995. A final bill was sent by plaintiff for the period July 16, 1995 through July 31, 1995 of $4,750. Ms. Annicet testified that, despite demand for the $16,150 due, no payments were made, and that she was never informed that Rapid had been dissolved in 1994 for failure to pay franchise taxes in New Hampshire, its State of incorporation.
Defendants do not dispute that plaintiff entered into a contract with Rapid; that plaintiff rendered the services for which it billed from June 16-30, 1995; that payment of the $6,650 was stopped; and that Rapid was dissolved effective November 1, 1994 for failure to pay fees and file reports. Mr. Albert Semon, testifying on behalf of Rapid, stated that he "didn’t know” if plaintiff rendered services from July 1-31, 1995. Mr. Semon testified that he is the only officer of Rapid; that defendant Marjorie Semon, his wife, is a part-time bookkeeper; that he was unaware that Rapid had been dissolved until he found out from plaintiff’s attorney; and that upon learning of the dissolution, contacted New Hampshire officials and effected a reinstatement of the corporate charter effective January 24, 1997.
The amended verified complaint alleges three causes of action: the first for services rendered; the second appears to be based in fraud; and the third is for counsel fees, which will be addressed subsequent to this determination. Inasmuch as plaintiff has failed to establish the requisite elements of fraud, the second cause of action is dismissed as to all defendants. There being no evidence whatsoever to support any claim against defendant Marjorie Semon, all claims against her are dismissed.
*863 There being no cause of action pending by defendants relating to improper or wrongful termination of the contract, whether or not plaintiff properly cancelled the contract by facsimile mail, rather than certified mail, is not relevant to the issues before the court. The sole issues are whether or not plaintiff is entitled to be paid by Rapid for services rendered, and whether defendant Albert Semon may also be individually liable for such payment.
Plaintiff established a prima facie case that she rendered services to Rapid, pursuant to a contract, for which she has not been paid. Defendants do not dispute that the services were rendered through June 30, 1995, and Mr. Semon’s testimony that he "didn’t know” if the services were rendered from July 1-31, 1995 is insufficient to defeat plaintiff’s claim. Plaintiff is therefore entitled to judgment against Rapid on its first cause of action for $16,150, with interest from July 31, 1995 and the costs and disbursements of this action.
Contrary to defendants’ contentions, the first cause of action in the amended complaint adequately states a claim against defendant Semon based upon his individual liability as an officer of Rapid. Although defendant Semon argues that Rapid was a de facto corporation during the period of its dissolution, that view has been squarely rejected in the Second Department (Lorisa Capital Corp. v Gallo, 119 AD2d 99). The fact that Rapid filed New York State franchise tax returns during the period it was dissolved has no bearing on plaintiffs claim, since Semon acknowledged that Rapid never filed any application for authority to do business in New York as required by Business Corporation Law article 13.
Rapid is a New Hampshire corporation whose corporate status is governed by section 292:30 of New Hampshire Revised Statutes Annotated title XXVII (Corporations, Associations, and Proprietors of Common Lands Law), which provides in relevant part that:
"HI. Upon the filing of the certificate of revival, the corporation shall be revived with the same force and effect as if its charter had not been forfeited pursuant to this subdivision. Such reinstatement shall validate all contracts, acts, matters and things made, done and performed within the scope of its charter by the corporation, its officers and agents during the time when its charter was forfeited pursuant to this subdivision, with the same force and effect and to all intents and purposes as if the charter had at all times remained in full force and effect, except as provided in paragraph IX * * *
*864 "IX. Revival of a charter under this section shall not be construed to influence any pending actions or otherwise affect any liabilities or interfere with any course of action against such corporation for the period during which the charter was repealed or revoked.”
Thus, under New Hampshire law, plaintiff’s cause of action against Rapid was not affected by Rapid’s reinstatement.
The prevailing view among the jurisdictions that have considered the personal liability of an officer for the acts of a dissolved corporation is that the officer may be held personally liable for debts incurred by the continuation of business of the dissolved corporation, regardless of the corporation’s subsequent reinstatement (Lynne Co. v Geraghty, 204 Conn 361, 366, 528 A2d 786, 789, citing Moore v Occupational Safety & Health Review Commn., 591 F2d 991, 995-996; Adam v Mt. Pleasant Bank & Trust Co., 355 NW2d 868 [Iowa]; Kessler Distrib. Co. v Neill, 317 NW2d 519 [Iowa]; 16A Fletcher, Cyclopedia of Corporations §§ 7997, 7998 [perm ed 1979 rev and 1986 Cum Supp]).
In New York, the only case directly on point in State court is Poritzky v Wachtel (176 Misc 633), which held officers personally liable despite reinstatement of the dissolved corporation. Poritzky was subsequently criticized in the Federal court (Prentice Corp. v Martin, 624 F Supp 1114), which, in reaching a contrary result, relied upon, inter alia, Garzo v Maid of Mist Steamboat Co. (303 NY 516), a case also relied upon by defendant Semon. In a thorough, well-written opinion in Lynne Co. v Geraghty (supra), the Connecticut Supreme Court, interpreting New York law, rejected the reasoning of Prentice, pointing out that the factual scenario in Garzo related to the rights of minority shareholders to obtain the cash value of their stock and force the corporation to dissolve, and that other cases relied upon by the Prentice court focused on the liabilities and powers of a corporation after dissolution, and not upon the effect of reinstatement of the dissolved corporation on corporate officers’ individual liability to third parties.
The salient premise of the Poritzky case was that fraud and abuse would be encouraged if an officer of a dissolved corporation were allowed to conduct business in the corporate name on credit "and then upon subsequent discovery of the nonexistence of the corporation, by merely paying arrears in franchise taxes, could shift the personal liability which the law would otherwise impose upon him, back to the corporation” (Poritzky v Wachtel, supra, at 635). Further supporting the conclusions reached in the Poritzky and Lynne Co. cases (supra) *865 is Brandes Meat Corp. v Cromer (146 AD2d 666), a Second Department case decided subsequent to Prentice (supra), where personal liability was imposed on an individual for a debt incurred by a corporation, in whose name he had acted, while the corporation had neither a de jure nor de facto existence. Although in Brandes the corporation had not been reinstated, the premise of the Poritzky case, and the analysis set forth in Lynne Co. are compelling. The court thus finds that defendant Albert Semon is individually liable, and plaintiif may also enter judgment against defendant Semon for $16,150, with interest from July 31, 1995, and the costs and disbursements of this action.