OPINION OF THE COURT
Herman Cahn, J.
This summary judgment motion raises the issue of whether *1022 shareholders of a corporation, which was dissolved by the Secretary of State for failure to pay franchise taxes, are personally liable on contracts entered into by the corporation.
This action involves a contract for long distance telecommunications services. Defendants Francisco Sandoval and Rolando Fernandez move for summary judgment dismissing the complaint against them. Plaintiff WorldCom, Inc. (Worldcom) cross-moves for (1) summary judgment in the amount of $301,986.62 or, in the alternative, for leave to serve an amended complaint adding Pretax, Inc. (Pretax) and DMI Communications Group, Inc. (DMI), and Sandoval and Fernandez doing business as DMI as party defendants; and (2) dismissal of defendants’ four counterclaims.
FACTS
Worldcom is a publicly owned company that provides long distance and other telecommunications services to businesses, government, telecommunications companies and consumers. Defendants Sandoval and Fernandez, who are both professional accountants, are the sole owners, officers and directors of Pretax, Inc. Pretax, whose business is the preparation of tax returns, was incorporated on November 5, 1988.
In early 1996, plaintiff was approached by Fernandez on behalf of Pretax to enter into a contract to provide telecommunications services for that entity. Pretax had been incorporated in this State. It had already been formally dissolved by proclamation of the Secretary of State on September 29, 1993 for failure to pay franchise taxes.
In May 1996, plaintiff entered into a written contract with Pretax for the provision of long distance telecommunications services, i.e., telephone time in minutes at specified rates (the Contract).
Sandoval and Fernandez were also the sole owners, officers and directors of DMI. DMI is a “reseller” of telephone services to the public. That is, it purchases telephone time (minutes) from providers such as Worldcom, and resells them at a higher rate to consumers. Worldcom asserts that it did not learn of DMI’s relationship with defendants until discovery was had.
During the course of discovery, it became clear that Pretax was never really in the telecommunications business, but rather that DMI was. Pretax’s name and credit references were apparently used to obtain the contract with Worldcom, since defendants felt that DMI’s credit might not have been accept *1023 able. In fact, DMI used the telephone time provided by World-Com.
Worldcom provided long distance services to Pretax at the designated rates and charges. At the outset of the relationship, the monthly bills were paid. However, commencing with the monthly bill dated January 21, 1997, Pretax ceased making the agreed-upon payments for the long distance telecommunications services that had been provided, resulting in Worldcom’s terminating all service on April 7, 1997.
After this lawsuit was commenced, defendants caused Pretax’s incorporation to be reinstated by the payment of back taxes and penalties. The dissolution was annulled by an annulment of dissolution filed September 26, 1997.
The complaint contains four causes of action for (1) breach of contract in the amount of $301,986.62 for unpaid long distance communications services provided to Pretax, (2) fraud by falsely representing to plaintiff that Pretax was a valid and existing corporation, when in fact, defendants knew it had been dissolved years before, (3) quantum meruit for services rendered, and (4) attorneys’ fees as provided for in the applicable State tariff.
The amended answer contains four counterclaims, all of which are based upon an allegation that plaintiff represented that it would match rates allegedly offered to defendants by Wiltel, Inc. Plaintiff’s reply denies the allegations of the counterclaims, and asserts various affirmative defenses, including the filed rate doctrine.
DISCUSSION
I. Motion and Cross Motion for Summary Judgment
A. Breach of Contract
Worldcom is entitled to summary judgment on its breach of contract claim. An action for breach of contract requires proof of (1) a contract; (2) performance of the contract by one party; (3) breach by the other party; and (4) damages (Rexnord Holdings v Bidermann, 21 F3d 522 [2d Cir 1994]). Here, it is undisputed that there was a contract between Worldcom and Pretax, and that Worldcom performed its obligations thereunder. Moreover, defendants admit that Pretax did not pay plaintiff, in an effort to pressure it into providing lower rates in a new contract. Accordingly, Worldcom has clearly established a breach of contract by Pretax.
*1024 However, Pretax is not a defendant in this action. Worldcom asserts that Pretax has no assets and could not satisfy any judgment and it seeks to hold defendants Fernandez and Sandoval individually liable for the monies owed to it on the ground that at the time the contract was entered into, Pretax’s corporate charter had been involuntarily dissolved by the Secretary of State as a result of its failure to pay franchise taxes. Worldcom argues that because Pretax did not then legally exist, defendants — the sole owners, directors and officers of Pretax — are contractually responsible and liable for payment for the services provided to Pretax.
Conversely, defendants contend that, in light of the reinstatement of Pretax’s corporate status on September 26, 1997, any actions taken during the time when Pretax’s corporate charter was involuntarily dissolved are annulled retroactively.
Tax Law § 203-a provides that a corporation may be involuntarily dissolved by proclamation of the Secretary of State for failure to file reports or pay taxes. Furthermore, Tax Law § 203-a (7) states when the dissolved corporation files its certificate stating that all back franchise taxes have been paid, it has the effect of “annulling all of the proceedings theretofore taken for the dissolution.”
Defendants argue that, pursuant to this provision, the reinstatement of Pretax’s corporate status retroactively validated the prior acts of Pretax in entering into the contract with plaintiff thereby relieving them of any personal liability.
Under New York law, the individual shareholders and officers of a corporation are legally responsible for contractual obligations where the contract was entered into after the corporation was dissolved for nonpayment of franchise taxes, even if the corporation was later reinstated (Poritzky v Wachtel, 176 Misc 633 [Sup Ct, Putnam County 1941]).
Among the jurisdictions that have considered an officer’s personal liability for the acts of a dissolved corporation, the majority rule is that “the officer may be held personally liable for debts incurred by the continuation of business of the dissolved corporation, regardless of the corporation’s subsequent reinstatement” (Annicet Assocs. v Rapid Access Consulting, 171 Misc 2d 861, 864 [Sup Ct, Rockland County 1997]; Moore v Occupational Safety & Health Review Commn., 591 F2d 991 [4th Cir 1979]; Adam v Mt. Pleasant Bank & Trust Co., 355 NW2d 868 [Iowa 1984]; Kessler Distr. Co. v Neill, 317 NW2d 519 [Iowa 1982]; 16A Fletcher, Cyclopedia Corporations §§ 7997, 7998 [Perm ed 1979 rev and 1986 Supp]). Indeed, such a view ac *1025 cords with the rule at common law (see, Lynne Co. v Geraghty, 204 Conn 361, 528 A2d 786 [1987]; In re Booth's Drug Store, 19 F Supp 95 [WD Va 1937]).
Poritzky v Wachtel (supra) is the only New York case directly on point. It held corporate officers personally liable, despite reinstatement of the dissolved corporation. In that case, the individual defendant opened an account with plaintiff butcher on behalf of defendant’s corporation. Goods were furnished by plaintiff between 1932 and 1937. In 1935, the corporation was dissolved by proclamation for failure to pay franchise taxes. After plaintiff commenced the action and moved for summary judgment, the corporation was reinstated. Defendant’s argument that reinstatement pursuant to Tax Law § 203-a (7) retroactively restored the corporation, and therefore rendered the corporation and not the defendant liable to plaintiff, was squarely rejected. The court construed Tax Law § 203-a (7) to allow the imposition of individual liability on the theory that the officer had no right to engage in corporate business while the corporation was dissolved. In the within case, the contract at issue was negotiated and executed some time after the corporate dissolution.
In Lynne Co. v Geraghty (204 Conn 361, 528 A2d 786, supra), the Connecticut Supreme Court, in applying New York law, concluded that New York courts today would still follow Poritzky (supra). This court agrees with that conclusion. Further, the Connecticut court found that the majority of jurisdictions favor holding persons in defendants’ position individually liable, and that the Poritzky holding was in accordance with the majority view. As in Poritzky, the court rejected the argument that once the certificate of annulment of dissolution was filed, it was as if the dissolution never happened. Recently, in Annicet Assocs. v Rapid Access Consulting (171 Misc 2d 861, supra), although the court applied New Hampshire law, the same conclusion was reached. The sole case relied upon by defendants, Prentice Corp. v Martin (624 F Supp 1114 [ED NY 1986]), has been criticized and rejected as a proper statement of New York law on this subject (Annicet Assocs. v Rapid Access Consulting, supra; Lynne Co. v Geraghty, supra).
In Prentice (supra), the District Court held that, unless a corporate officer acted fraudulently or in bad faith, that officer was not personally liable for a judgment based on breach of contract entered into after the corporation was dissolved for failure to pay franchise taxes, and before it was reinstated. In reaching this result, the court relied , on Garzo v Maid of Mist *1026 Steamboat Co. (303 NY 516 [1952]), in which the Court of Appeals recognized that where a dissolved corporation “carries on its affairs and exercises corporate powers as before, it is a de facto corporation * * * and ordinarily no one but the state may question its corporate existence” (supra, at 524).
However, the courts in both Lynne Co. and Annicet Assocs. (supra) rejected the reasoning of Prentice (supra), pointing out that the factual scenario in Garzo (supra) related to the rights of minority shareholders to obtain the face value of their stock and force the corporation to dissolve, and that the other cases relied upon by the Prentice court focused on the liabilities and powers of a corporation after dissolution, and not upon the effect of reinstatement of the dissolved corporation on corporate officers’ individual liability to third parties. In fact, the Prentice court acknowledged that the only New York decision squarely on point was Poritzky (supra). The individual defendants, therefore, are personally liable to Worldcom for the contractual obligations of Pretax. The subsequent reinstatement of Pretax does not change the result.
Accordingly, Worldcom’s cross motion for summary judgment on its first cause of action for breach of contract is granted. However, summary judgment is granted as to liability only, since, on these papers, the amount to which plaintiff is entitled is unclear. The issue of damages will be referred to a Special Referee to hear and report.
B. Fraud and Quantum Meruit
In both its second and third causes of action for fraud and quantum meruit, plaintiff seeks the identical amount of damages that it seeks in its first cause of action. In view of the grant of partial summary judgment on plaintiff’s first cause of action for breach of contract, plaintiff’s second and third causes of action for fraud and quantum meruit are dismissed, with leave to plaintiff to serve an amended complaint if it be so advised.
C. Attorneys’ Fees
Worldcom seeks to recover its reasonable attorneys’ fees. The Contract provides that the agreement is subject to the general terms, conditions and rates of the applicable Worldcom New York State Tariff. Defendants contend that they are not liable for plaintiff’s attorneys’ fees because “Customer,” as defined in section 2.6.6 of the Worldcom New York State Tariff, refers to Pretax. However, because, as previously discussed, *1027 the individual defendants are personally liable for the debts of Pretax, summary judgment as to liability is granted to plaintiff on this cause of action as well.
II. Plaintiff’s Motion to Amend
Plaintiffs cross motion to amend the complaint is granted as above set forth.
III. Defendants’ Counterclaims
Each of the four counterclaims seeks $1,000,000 in damages for intentional and negligent interference with Pretax’s prospective economic advantage, fraud, and unjust enrichment. All four counterclaims are based upon alleged oral promises or representations by plaintiff that it would provide lower rates to Pretax. As such, each of the counterclaims is barred by the filed rate doctrine, a long-standing doctrine in the telecommunications field.
Accordingly, it is ordered that plaintiffs cross motion for summary judgment is granted as to liability only on its first cause of action for breach of contract and fourth cause of action for attorneys’ fees; and it is further ordered that defendants’ motion for summary judgment is granted to the limited extent that the second and third causes of action are dismissed with leave to replead; and it is further ordered that plaintiffs cross motion to amend the complaint is granted; and it is further ordered that defendants’ counterclaims are dismissed; and it is further ordered that the issues of damages and attorneys’ fees are referred to a Special Referee to hear and report with recommendations; and it is further ordered that this motion is held in abeyance as to damages and attorneys’ fees, pending receipt of the report and recommendations of the Special Referee and a motion pursuant to CPLR 4403 or receipt of the determination of the Special Referee or the designated Referee.