[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This case involves General Statutes § 42a-2-101 et seq., the Uniform Commercial Code (UCC), and the liability of a corporate officer for the debts of his corporation. The plaintiff, L.T. Overseas Ltd., imports basmati rice from India and sells to various distributors, including the defendant, Hartej Corp., a New York corporation. The individual defendant is Ripee Sawhney, the president of the defendant corporation.
The plaintiff alleges in the first count of its amended complaint dated January 25, 1999, that during the last six months of 1997 and a few weeks in January of 1998, it supplied rice to the corporate defendant on an open account pursuant to an agreement between the parties, and that the plaintiff is owed a balance of $35,906.67. In the second count, the plaintiff claims that the defendants were unjustly enriched, and in the third count, the plaintiff alleges that the defendants failed to pay the reasonable value of the product which they purchased.
The defendants denied the material allegations of the complaint and filed a counterclaim. In their counterclaim, the defendants alleged that the rice sold by the plaintiff was of inferior quality, which caused complaints by "every customer" of the defendants and a resultant loss of money and business. The defendants further alleged that by selling inferior rice to the defendant, the plaintiff violated General Statutes § 42a-2-314, pertaining to the implied warranty of merchantability. The defendants also contended that because the rice sold by the plaintiff was not fit for its ordinary purposes and was unmerchantable at the time of sale, they are entitled to money damages for breach of warranty and for incidental and consequential damages. See General Statutes §§42a-2-714 and 42a-2-715.
The case was referred to Attorney Bernadette Coomaraswamy, an attorney trial referee, as authorized by General Statutes § 52-434 (a)(4), as amended by, Public Act No. 01-203, and by Practice Book § 19-2A. The referee conducted a three day trial and, pursuant to Practice Book §19-4, submitted a report dated April 23, 2001, in which she found the following facts: (1) the defendants did not make timely payment of invoices for the purchase of the plaintiffs rice and on several occasions paid the plaintiff with checks that were returned for insufficient funds; (2) the defendant corporation was incorporated in New York in 1986, but was dissolved in March of 1993, reinstated in January, 1995, dissolved again in September, 1997, and reinstated in September, 2000, several months before the trial; (3) the defendant corporation, which "has no CT Page 520 current assets," owes the plaintiff the balance due on the sale of rice, viz., $35,906.67, in accordance with an invoice dated May 1, 1988, of which total the individual defendant, Ripee Sawhney, president of the corporate defendant, is responsible or liable for $13,934.40, which represents the goods sold after September 24, 1997, when the defendant corporation was dissolved by order of the New York secretary of state; (4) there were only two complaints by customers of the defendants regarding the quality of the rice, and the plaintiff refilled these orders with new product in both cases; (5) the quality of the rice sold to the defendants conformed to the agreement of the parties and did not violate any covenants contained in the UCC, including merchantability; and (6) both of the defendants are liable for interest pursuant to General Statutes § 37-3a for detention of money after it becomes payable.
The attorney trial referee concluded that: (1) the corporate defendant owes the plaintiff $35,906.67, plus 10% interest per year from May 1, 1998, the date of the invoice showing the balance due, to the date of this judgment; and (2) under the authority of J. M. Lynne Company, Inc.v. Geraghty, 204 Conn. 361, 528 A.2d 786 (1987), the corporate president, the individual defendant, Ripee Sawhney, is personally liable to the plaintiff for $13,934.20 of that total, plus prejudgment interest, for goods sold during the period that the corporate defendant was dissolved.
The defendants filed objections[1] to the attorney trial referee's report. The objections, which are dated July 13, 2001, contend that the attorney trial referee erred in that: (1) the rice sold by the plaintiff was of unacceptable quality and there were many returns by the defendant corporation's customers and a resultant loss of business and expenses; (2) Ripee Sawhney is not personally liable for the debts of the defendant corporation during the period when it was dissolved for failure to pay New York franchise taxes, because the law in New York considers the corporation as having a de facto existence during such period of time; and (3) reliance on J.M. Lynne Company, Inc. v. Geraghty, supra,204 Conn. 361, is misplaced because Ripee Sawhney's two brothers were also officers of the corporation, and Ripee Sawhney did not personally order the rice during the period when the corporation was dissolved, but rather his brothers placed such orders.
Practice Book § 19-17(a) concerns the function of this court in reviewing reports of attorney trial referees and provides that: "[t]he court shall render such judgment as the law requires upon the facts in the report. If the court finds that the . . . attorney trial referee has materially erred in its rulings or that there are other sufficient reasons why the report should not be accepted, the court shall reject the CT Page 521 report and refer the matter to the same or another . . . attorney trial referee . . . for a new trial or revoke the reference and leave the case to be disposed of in court."
Killion v. Davis, 257 Conn. 98, 102-103, 776 A.2d 456 (2001), holds that the court's role in reviewing an attorney trial referee's report is as follows: first, "the trial court must review the referee's entire report to determine whether the recommendations contained in it are supported by findings of fact in the report." (Internal quotation marks omitted.) Id., 102. Second, the court must insure that the report does not contain "legal conclusions for which there are no subordinate facts." (Internal quotation marks omitted.) Id. Third, the report must be reviewed to determine if it is "legally and logically correct." (Internal quotation marks omitted.) Id. In this case, a transcript of the trial before the attorney trial referee was provided in accordance with Practice Book § 19-14, effective January 1, 2001, and, therefore, a preliminary task for this court is to determine whether there is evidence in the record to substantiate the factual findings made by the referee.
Other principles governing attorney trial referee reports provide that: "A reviewing authority may not substitute its findings for those of the trier of the facts. This principle applies no matter whether the reviewing authority is the Supreme Court . . . the Appellate Court . . . or the Superior Court reviewing the findings of . . . attorney trial referees." (Citations omitted.) Wilcox Trucking, Inc. v. MansourBuilders, Inc., 20 Conn. App. 420, 423, 567 A.2d 1250 (1989), cert. denied, 214 Conn. 804, 573 A.2d 318 (1990). A fact-finder's recommendations should be accepted when "there is nothing that is unreasonable, illogical or clearly erroneous in the findings of the fact finder and the reasonable inferences that may be drawn therefrom." Id. "Appellate review of findings of fact is limited to deciding whether such findings were clearly erroneous." Napoletano v. CIGNA Healthcare ofConnecticut, Inc., 238 Conn. 216, 232, 680 A.2d 127 (1996), cert. denied, 520 U.S. 1103, 117 S.Ct. 1106, 137 L.Ed.2d 308 (1997). "A finding of fact is clearly erroneous when there is no evidence to support it . . . or when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." D'Angelo v. McGoldrick, 239 Conn. 356,363-64, 685 A.2d 319 (1996).
The defendants have presented two issues in their objections to the attorney trial referee's report. The first is whether the rice sold to the defendants was unmerchantable. The referee found as a fact that the rice in question was fit for its purposes and was of merchantable quality. This is clearly a factual determination. "Whether and on what terms a contractual commitment has been undertaken are ultimately CT Page 522 questions of fact for the trier of fact." Presidential Capital Corp. v.Reale, 231 Conn. 500, 507, 652 A.2d 489 (1994). Moreover, it is well recognized that whether a contract has been breached is an issue of fact for the trier of fact. Bowman v. 1477 Central Avenue Apartments, Inc.,203 Conn. 246, 257, 524 A.2d 610 (1987).
Since a transcript was furnished, the initial inquiry is whether there is support in the record for the referee's findings of fact that were challenged by the defendants. There is indeed sufficient evidence to justify the ruling of the attorney trial referee that the rice in issue was merchantable within the scope of the UCC.[2] It is quite evident that the attorney trial referee chose to believe the testimony offered by the plaintiff and not the testimony of Ripee Sawhney or his brothers, Rollie and Shimmi, on behalf of the defendants, regarding the quality of the rice sold by the plaintiff. "The finder of fact is in a better position to determine the credibility of witnesses and the weight to be accorded their testimony." Beizer v. Goepfert, 28 Conn. App. 693, 706,613 A.2d 1336, cert. denied, 224 Conn. 901, 615 A.2d 1044 (1992), cert. denied, 507 U.S. 973, 113 S.Ct. 1416, 122 L.Ed.2d 786 (1993). In addition, the attorney trial referee recommended that judgment enter in favor of the plaintiff with respect to the defendants' counterclaim because the plaintiff proved that the rice was merchantable and was accepted by the defendants who did not prove their counterclaim that the product was of inferior quality.
As indicated previously, the attorney trial referee recommended that the' plaintiff also recover interest as authorized by General Statutes § 37-3a for "damages for the detention of money after it becomes payable. . . ." The awarding of prejudgment interest is an issue for the trier of fact. Foley v. Huntington Co., 42 Conn. App. 712, 738,682 A.2d 1026, cert. denied, 239 Conn. 931, 683 A.2d 397 (1996).
The next issue is the recommendation of the attorney trial referee that the individual defendant be held personally liable to the plaintiff for goods ordered by the defendant corporation during the period when the corporation was dissolved by the New York secretary of state. The defendants agree that neither the New York Court of Appeals nor the Appellate Division has ruled on this precise issue. They do point out that in J.M. Lynne Company, Inc. v. Geraghty, supra, 204 Conn. 371, a case involving the president and sole shareholder of a New York corporation, the Connecticut Supreme Court determined that it would rely on the only case in New York that had ruled on this issue at the time, Poritzky v.Wachtel, 176 Misc. 633, 27 N.Y.S.2d 316 (1941). The defendants contend that there have been several subsequent New York Supreme Court decisions relating to this issue. These newer cases have been analyzed but they only go to prove that there is a split of authority in New York regarding CT Page 523 personal liability of a corporate officer during a period of dissolution. Under these circumstances, it was not improper for the attorney trial referee to rely on J.M. Lynne Company v. Geraghty,[3] as there has been no appellate authority in New York to the contrary.
Thus, in accordance with the report and recommendation of the attorney trial referee, judgment enters in favor of the plaintiff to recover $35,906.67, plus interest of $9,674.80, for a total of $45,581.47, from the corporate defendant, of which $13,934.40, plus interest of $3,754.54, for a total of $17,688.94, is the personal responsibility of the individual defendant, Ripee Sawhney. Judgment also enters in favor of the plaintiff with respect to the defendants' counterclaim.
Costs are to be taxed in favor of the plaintiff by the clerk of this court in accordance with General Statutes § 52-25 and Practice Book § 18-5.
So Ordered.
Dated at Stamford, Connecticut, this 11th day of January, 2002.
William B. Lewis, Judge Trial Referee