OPINION OF THE COURT
Lucy Billings, J.
Defendant Bouskila moves to dismiss the complaint against him. He maintains that plaintiff has no claim against him individually for a corporate obligation based on a contract between plaintiff and the corporate defendant. (GPLR 3211 [a] [7].)
*753 Plaintiff concedes that defendant Bouskila never personally guaranteed payment under plaintiff’s alleged contract with defendant 5th Avenue Photo Inc. When Bouskila entered the contract acting on the corporation’s behalf, however, 5th Avenue Photo Inc. had been dissolved as of June 26, 1996, pursuant to the New York State Secretary of State’s proclamation, for failure to pay state franchise taxes for 1992-1996. (Tax Law § 203-a.) By February 1997, defendant had paid the delinquent taxes, but did not obtain an annulment of the dissolution to reactivate the corporation’s official status until April 2, 2002. The transactions with plaintiff that are the subject of this action occurred during 1999-2000.
Had defendants neither paid the delinquent taxes nor filed the certificate of payment to annul the dissolution, Bouskila, the corporation’s chairman and president, would be liable for contractual obligations entered during the period of the dissolution, even if the corporation later was reinstated. (World-Com, Inc. v Sandoval, 182 Misc 2d 1021, 1024, 1026 [Sup Ct, NY County 1999]; Annicet Assoc. v Rapid Access Consulting, 171 Misc 2d 861, 864 [Sup Ct, Richmond County 1997].) To permit an officer of a dissolved corporation who has been conducting business in a nonexistent corporate name then, after the fraud is uncovered, to shift personal liability to the corporation by paying the tax arrears would do nothing to discourage the fraud and abuse. (Department 56 v Bloom, 186 Misc 2d 901, 903 [Sup Ct, Richmond County 2001]; Annicet Assoc. v Rapid Access Consulting, 171 Misc. 2d at 864.) To encourage this practice would subvert any incentive, until the fraud is discovered, to pay the tax arrears in order to conduct business in the corporate name legitimately.
To escape personal liability, defendant Bouskila relies on authority that validates transactions during a corporation’s dissolution once the corporation is reinstated. (Propp v Chaya Amusement Corp., 155 AD2d 251 [1st Dept 1989]; St. James Constr. Corp. v Long, 253 AD2d 754, 755 [2d Dept 1998]; Lorisa Capital Corp. v Gallo, 119 AD2d 99, 112 [2d Dept 1986].) This authority permits a corporation to assert its rights or claims, rather than to substitute its liability for an individual’s. Permitting a dissolved corporation to establish a property interest or recover payment of a debt owed does not encourage the avoidance of liability. Recovery on corporate claims usually will shore up the corporation’s financial condition. Where an officer of a dissolved corporation is attempting to substitute the corporation’s liability for a debt for his liability when the *754 corporation’s financial viability may be uncertain, however, the avoidance of liability is a significant consideration that the law discourages.
The question here is whether payment of the tax arrears before conducting business and incurring the alleged obligation to plaintiff changes the allocation of liability: whether a corporation that was dissolved for nonpayment of taxes and then cured the delinquency, but not the dissolution, has the capacity to enter a contract. (See Metered Appliances v 75 Owners Corp., 225 AD2d 338 [1st Dept 1996]; Matter of Intelligent Bank Mgt. [East Coast Fin. Corp.], 207 AD2d 760, 761 [1st Dept 1994]; Lorisa Capital Corp. v Gallo, 119 AD2d at 109-110.) Bouskila contends that by paying the taxes, the corporation was reactivated to de facto corporate status, enabling it to conduct business and enter contracts, and thus relieving him of any personal liability for acting on the corporation’s behalf.
Recognizing a corporation’s de facto status while still in tax arrears is a disincentive to payment of the taxes. Such recognition after payment of the taxes, however, ignores only the paperwork requirements for reinstatement. (Id. at 111, 113.)
In both situations, where the taxes have not been paid and where they have been paid, the creditor believes it is dealing with a corporation and is relying on its ability to pay. Where the taxes have not been paid, the ability to pay creditors likely is weak and the creditor’s reliance misplaced. Where the taxes have been paid, financial trouble and the potential for fraudulent avoidance of financial obligations are less likely. (See Department 56 v Bloom, 186 Misc 2d at 904-905.)
For all these reasons, a delinquent corporation may not enjoy de facto status, but a nondelinquent corporation that simply has failed to file a certificate for reinstatement does enjoy de facto status. (See Ludlum Corp. Pension Plan Trust v Matty’s Superservice, 156 AD2d 339, 340 [2d Dept 1989]; Lorisa Capital Corp. v Gallo, 119 AD2d at 114; Bowditch v 57 Laight St. Corp., 111 Misc 2d 255, 259 [Sup Ct, NY County 1981].) Payment of the back taxes reinstates the corporation to a functional, de facto status. (Metered Appliances v 75 Owners Corp., 225 AD2d 338.)
Since defendant Bouskila contracted with plaintiff in the dissolved corporation’s name after it cured its tax delinquency, the corporation had the functional capacity to enter the contract as a de facto corporation. Bouskila, according to his uncontradicted affidavit, believed in good faith that the corporation had taken the necessary steps for reinstatement. *755 (See Lorisa Capital Corp. v Gallo, 119 AD2d at 110-111; Rubenstein Bros. v Ole of 34th St., 101 Misc 2d 563, 569 [Civ Ct, NY County 1979].) Therefore Bouskila is not subject to individual liability on the contract. (See Brandes Meat Corp. v Cromer, 146 AD2d 666, 667 [2d Dept 1989]; Annicet Assoc. v Rapid Access Consulting, 171 Misc 2d at 865.) This defense requires dismissal of the complaint against him. (CPLR 3211 [a] [7].)