338

■ METERED APPLIANCES, INC., Respondent-Appellant, v 75 OWNERS CORP., Appellant-Respondent and Third-Party Plaintiff-Appellant-Respondent. METERED APPLIANCES Co., INC., Third-Party Defendant-Respondent-Appellant. [638 NYS2d 631]

Defendant's predecessor entered into a lease in 1989 with the third-party defendant, a corporation previously dissolved by the Secretary of State pursuant to Tax Law § 203-a for failure to pay franchise tax. While a corporate dissolution may not affect the corporation's right to carry on business for the purpose of winding up its affairs (see, Bowditch v 57 Laight St. Corp., 111 Misc 2d 255), new business is prohibited absent reinstatement by payment of back taxes (see, Lorisa Capital Corp. v Gallo, 119 AD2d 99, 110). As plaintiff did not seek reinstatement, the IAS Court properly held that it had no legal capacity to commence the action and therefore, dismissal of the complaint was warranted (see, B & O Realty Corp. v Chong-Yau Jeng, 201 AD2d 439). However, because the lease had been performed for the first five years of its 10-year term, defendant could not nullify the contract to the detriment of the delinquent plaintiff corporation "after receiving the benefits of performance" (Lorisa Capital Corp. v Gallo, supra, at 112). Thus, the court properly denied defendant and third-party plaintiff's motion to declare the lease null and void and for ejectment. Concur—Milonas, J. P., Kupferman, Nardelli and Mazzarelli, JJ.