■ 1829 CATON REALTY, Plaintiff, v CATON BMT ASSOCIATES et al., Defendants, J. LEONARD SPODEK, Appellant, and ALLEN DORKIN et al., Respondents. [639 NYS2d 110]

Contrary to the appellant's contention, the doctrine of res judicata does not apply to this case since the stipulation that the appellant seeks to enforce is not a stipulation of final settlement to discontinue the action with prejudice *(see, Dolitsky's Dry Cleaners v Y L Jericho Dry Cleaners,* 203 AD2d 322; Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3217:15, at 735-736). Moreover, the doctrine of collateral estoppel is not applicable since the issues resolved by the stipulation of settlement were never actually litigated *(see, Kaufman v Eli Lilly & Co.,* 65 NY2d 449, 456).

The Referee did not err in the distribution of the surplus monies. The testimony given by the appellant at the hearing is largely unsupported by the documentary evidence. Thus, the Referee properly limited reimbursement of expenditures made by the appellant on behalf of the foreclosed property to those that are supported by the documentary evidence.

Given the length of the hearing and the documentary evidence submitted by the parties, as well as the parties' agreement to pay the Referee's fee as submitted to them, the Referee's fee is not excessive *(see,* CPLR 8003). Bracken, J. P., Rosenblatt, Miller and Friedmann, JJ., concur.