■ In the Matter of SCHENECTADY MUNICIPAL HOUSING AUTHORITY, Respondent, v KEYSTONE METALS CORPORATION,

Appellant. (And Another Related Action.) [665 NYS2d 744] —Spain, J. Appeal from an order of the Supreme Court (Lynch, J.), entered July 24, 1996 in Schenectady County, which, *inter alia*, granted petitioner's application pursuant to Lien Law § 21-a to vacate and discharge a mechanic's lien filed by respondent.

In October 1988, petitioner contracted with McNar Industries to work as general contractor on a roof replacement project (hereinafter the project) at Yates Village in the City of Schenectady, Schenectady County. The contract provided, in part, that: "Final payment * * * shall not become due until the Contractor has completed to the satisfaction of the Authority * * * all of the work required * * * and until the Contractor shall have delivered to the Authority all releases by the Contractor, his subcontractors or other person[s] * * * arising out of the Contract * * * and until the Authority has issued its Final Certificate of Completion".

In June 1989, following its incorporation, respondent contracted with McNar to act as a subcontractor on the project. Thereafter, respondent was paid $77,600 for work done on the project; however, respondent alleges a balance due and owing of $108,750. McNar does not dispute this amount and acknowledges that respondent satisfactorily completed all work contracted for by April 1990. In June 1990 McNar notified petitioner that the project was complete; however, petitioner disputed that claim. Subsequently, McNar refused to complete the project. Petitioner eventually retained the services of another contractor and the remaining work was completed on the project in August 1991. Thereafter, petitioner took possession of the project and tenants occupied the premises. Significantly, however, petitioner did not issue a final certificate of completion at this time based upon McNar's failure to submit required releases.

In September 1993 respondent was dissolved by proclamation of the Secretary of State for failure to pay its franchise taxes. In September 1995 respondent filed a notice of mechanic's lien to collect the account receivable from the project; the lien solely related to work respondent performed and completed on the project prior to its dissolution. Respondent claims that it had no obligation to file earlier because petitioner had failed to issue a final certificate of completion. Petitioner commenced a special proceeding to discharge respondent's lien; in response, respondent moved in the action in which petitioner and McNar are named as defendants to extend its notice of lien and to permit its intervention in that suit. Supreme Court granted

petitioner's petition and denied respondent's motion. Respondent appeals.

Initially, we reject petitioner's contention that respondent was legally incapable of filing a notice of lien based upon its status as a dissolved corporation. It is a well-settled principle that after dissolution, a corporation has the legal authority to wind up its affairs, including the power to collect its assets (*see*, Business Corporation Law § 1005 [a], [b]). For this purpose, the corporation continues to function in the same manner as if the dissolution had not taken place (*see*, Business Corporation Law § 1006 [a]). Any remedies available to the corporation for any right or claim existing prior to the dissolution are not affected nor circumscribed by the dissolution; only new business is prohibited (*see generally*, *Matter of 172 E. 122 St. Tenants Assn. v Schwarz*, 73 NY2d 340; *see*, Business Corporation Law § 1005 [a] [1]). Here, respondent's notice of mechanic's lien sought a remedy to enforce a claim that existed before its dissolution. In our view, the record supports the conclusion that respondent was not engaging in prohibited new business, but rather was seeking to collect its assets in the winding up of its affairs through remedies which existed prior to the time of dissolution.

We also conclude that respondent's lien was timely filed. A notice of lien on public improvements can be filed "[a]t any time before the construction * * * is completed and accepted by the state or * * * public corporation, and within thirty days after such completion and acceptance" (Lien Law § 12). This is to be viewed in the context of the contractual provisions between the contractor and the public corporation relating to completion and acceptance of the work, and both requirements need to be satisfied before the time to file starts running (*see*, *Matter of N. W. Developers v Jeremiah Burns, Inc.*, 55 AD2d 580, 581; *Biondo v City of Rochester*, 18 AD2d 78, 83-84; *Milliken Bros. v City of New York*, 201 NY 65, 71). If requirements regarding formalities of acceptance are specified in the contract, such as the filing of final certificates of acceptance, they must be followed as set forth and a subcontractor may rely on those provisions in deciding when to file a notice of lien (*see*, *Matter of N. W. Developers v Jeremiah Burns, Inc.*, *supra*, at 581; *Biondo v City of Rochester*, *supra*, at 84).

It is undisputed that the physical work on the project was completed in August 1991. Petitioner contends that it took possession of the project in 1991, thereby satisfying the requirement of acceptance and, further, that the specific contractual language relating to the issuance of a final certificate of comple-

tion related only to when final payment was due to the contractor, and not to its acceptance of the project in general. However, taking possession of a building and assuming its operation and maintenance before a final certificate is issued is not automatically determinative of whether acceptance has taken place (*see, Matter of N. W. Developers v Jeremiah Burns, Inc., supra,* at 582). Petitioner has never filed a final certificate of completion as contemplated in its contract with McNar. Accordingly, we conclude that respondent's filing of its notice of lien is timely because the contractual requirement of formal acceptance by petitioner has not been met.

Finally, we note that Lien Law § 23 requires a "liberal [ ]" construction of the lien laws "to secure the beneficial interests and purposes thereof". A subcontractor should be able to rely on provisions for acceptance which are set forth in the contract (*see, Biondo v City of Rochester, supra,* at 85).

Mercure, J. P., Crew III, White and Peters, JJ., concur. Ordered that the order is reversed, on the law, without costs, petitioner's motion to discharge the mechanic's lien denied and respondent's motion to intervene granted.