**In re Jeffrey A. ARTURA, Debtor.**

**Bankruptcy No. 898–83100–478.**

United States Bankruptcy Court, E.D. New York.

Feb. 24, 1999.

Reno & Arturo, Lindenhurst, NY, Richard F. Artura, of counsel, for debtor.

Jessel Rothman, P.C., Bayside, NY.

Marianne DeRosa, Mineola, NY, Chapter 13 Trustee.

### DECISION AND ORDER DENYING DEBTOR'S MOTION TO EXPUNGE CLAIM DEEMED NONDISCHARGEABLE IN PRIOR CHAPTER 7 CASE

DOROTHY EISENBERG, Bankruptcy Judge.

This matter is before the Court on the motion of Jeffrey A. Artura (the "Debtor") to expunge in its entirety the claim of Bayview Laundry, Inc. ("BLI") and Anthony Martinez, as assignee of BLI. The Debtor contends that (i) BLI does not have the legal capacity to bring a proceeding in this Court, since BLI was dissolved by proclamation on December 23, 1992 and has not been reinstated as a corporation under New York law; and (ii) BLI did not validly effect an assignment of its claim to Martinez. BLI and Martinez contend that (i) between March 14, 1994 and the date of filing of this bankruptcy petition, the Debtor transferred, removed, destroyed, sold or concealed certain assets for the purpose of hindering, delaying and defrauding BLI and Martinez in their attempt to collect a judgment debt; (ii) under New York law, once BLI was dissolved, its assets and liabilities were transferred to Martinez, its sole shareholder, by operation of law; and (iii) under New York law, a dissolved corporation has the legal capacity to wind up its affairs. Based on the facts of this case, the Court denies the Debtor's motion to expunge the claim filed by BLI and Martinez, as assignee.

### FACTS

On August 12, 1987, the Debtor, as President and sole stockholder of Bay Hill Formals, Inc. ("Bay Hill") entered into a contract of sale to purchase a tuxedo rental business from BLI. Part of the purchase price was evidenced by a promissory note in the amount of $25,000, signed by Bay Hill and personally guaranteed by Jeffrey Artura. The note was secured by a Security Agreement which pledged the assets being sold. These included four (4) sewing machines, one (1) presser, one (1) boiler, tables, chairs, and trade fixtures and the lease of BLI's business premises (the "Bay Hill Assets"). Bay Hill and the Debtor defaulted on the note. On November 13, 1990, BLI served a motion for summary judgment in lieu of complaint upon the Debtor and Bay Hill, in a State Supreme Court action entitled *Bayview Laundry, Inc. v. Bay Hill Formals, Inc. and Jeffrey A. Artura* (the "State Court Action"), and on April 24, 1991 a judgment was entered in favor of BLI in the amount of $23,324.29 (the "State Court Judgment").

On November 13, 1992, the Debtor filed a voluntary chapter 7 petition in this Court (the "Prior Chapter 7 Case") bearing Case No. 892–86374–478. BLI timely commenced an adversary proceeding against the Debtor and Bay Hill in the Prior Chapter 7 Case, to object to the Debtor's discharge. The action was dismissed as to Bay Hill for lack of personal jurisdiction; however, the Court denied the Debtor a discharge pursuant to 11 U.S.C. § 727(a)(3) for failure to keep adequate records from which Debtor's financial condition could be ascertained by his creditors. *See In re Artura*, 165 B.R. 12, 15 (Bankr.E.D.N.Y.1994). Although the Debtor appealed this decision, it was affirmed in an unreported decision and remains the law of the case. Based on the prior decision and order, wherein the Court determined that none of the debts listed in the Debtor's Prior Chapter 7 Case would be discharged, including the State Court Judgment awarded to BLI, that judgment remains outstanding as a nondischargeable debt. Notwithstanding the foregoing, the Debtor has made no attempt to satisfy his debt to BLI, in whole or in part.

BLI was dissolved by proclamation of the Secretary of State of New York on December 23, 1992 pursuant to Section 203–A of the Tax Law, after it obtained the State Court Judgment.

On the record before it, the Court cannot make any finding as to the stock ownership in BLI as of the date of dissolution, although Martinez claims to be its sole shareholder and filed the claim herein. On behalf of BLI, Martinez is a party in interest.

The Debtor filed the instant case on March 25, 1998 under Chapter 7 of the Bankruptcy Code. The petition lists BLI as an unsecured creditor in the amount of $33,000, based on the same State Court Judgment. The Debtor lists his employer as Wedding Plaza Formals, Inc., in Bayside, New York, where he works as a retail clerk, at a monthly salary of $2,000.00.[1] The Debtor testified at a recent deposition that Wedding Plaza

Formals, Inc. is owned by his brother, Ron Artura (11/11/98 Dep. Tr., p. 17). The instant petition reflects no ownership interest by Debtor in any corporation or partnership, nor does it reflect the whereabouts of the Bay Hill Assets. By Order dated December 3, 1998, the case was converted to Chapter 13 on the Debtor's own motion. On December 22, 1998, the Debtor filed a Chapter 13 Plan under which he proposes to pay the Trustee $75.00 a month for 60 months, resulting in a 5% payment to unsecured claimants. Martinez has objected to confirmation of Debtor's plan.

## DISCUSSION

The Debtor argues that, since BLI was dissolved on December 23, 1992, it does not have legal capacity to sue and, therefore, its claim should be expunged from this Chapter 13 case. The provisions of Sections 1005 and 1006 of the New York Business Corporation Law apply to corporations dissolved by proclamation of the Secretary of State under Tax Law 203–A. *Bowditch v. 57 Laight Street Corp.*, 111 Misc.2d 255, 443 N.Y.S.2d 785, 787 (N.Y.Sup.1981). Dissolved corporations may continue to function for the purpose of winding up the affairs of the corporation in the same manner as if the dissolution had not taken place, N.Y.Bus.Corp.Law § 1006(a), and may maintain or defend actions in the courts, *Bowditch*, 443 N.Y.S.2d at 787.

Section 1005 of the New York Business Corporation Law provides in pertinent part as follows:

(a) After dissolution:

(1) The corporation shall carry on no business except for the purpose of winding up its affairs.

(2) The corporation shall proceed to wind up its affairs, with power to fulfill or discharge its contracts, *collect its assets*, sell its assets for cash at public or private sale, discharge or pay its liabilities, and do

---

1. The Court's docket reflects that Debtor filed Amended Schedules on February 17, 1999, indicating that Debtor's monthly income has increased to $2,175.00 per month. However, the Amended Schedules were filed without the Affidavit required by LBR 1009–1(a), setting forth the manner in which the Schedules were amended. Moreover, there is no proof of service of the Amended Schedules. Consequently, the amendments are not effective. LBR 1009–1(a).

all other acts appropriate to liquidate its business.

N.Y.Bus.Corp.Law § 1005 (McKinney 1986) (emphasis added). At the time the Secretary of State dissolved BLI, the State Court Judgment was an asset of the corporation. Section 1005(a) of the Business Corporation Law provides that a dissolved corporation can wind up its affairs, including collecting its assets. Thus, BLI's attempts to collect the State Court Judgment after the dissolution date is permissible under New York law.

By commencement of the adversary proceeding in the Prior Chapter 7 Case and filing of a proof of claim in this case, BLI was attempting to collect the State Court Judgment obtained prior to the dissolution. Consequently, the Court finds that BLI has acted within its legal capacity as a dissolved corporation under the laws of New York. Furthermore, a dissolved corporation can commence a suit to recover its assets. *Schenectady Mun. Housing Authority v. Keystone Metals Corp.*, 245 A.D.2d 725, 665 N.Y.S.2d 744 (N.Y.A.D. 3rd Dept.1997) (after dissolution corporation has legal authority to wind up its affairs, including the power to collect its assets); *Bowditch v. 57 Laight Street Corp.*, 111 Misc.2d 255, 443 N.Y.S.2d 785 (N.Y.Sup.1981) (dissolution of the corporation does not effect its rights to collect or distribute its assets); *School of Music of the Brooklyn Free Musical Society v. Moritt*, 145 N.Y.S.2d 645 (N.Y.Sup.1955) (even after dissolution a corporation may sue for the purposes of winding up its affairs).

Although BLI is a dissolved corporation, pursuant to the New York Business Corporation Law it retains the right to liquidate and collect its assets. Since this debt has not been discharged, the claim on behalf of BLI is a valid claim.

In the absence of evidence sufficient to establish that Martinez is the sole remaining stockholder of the Debtor, the Court will allow the claim of BLI. On the record before it, the Court makes no determination as to whether the BLI claim was ever assigned to Martinez by operation of law or otherwise, or who should receive a distribution from the funds collected by BLI on its judgment.

## CONCLUSION

1. The Court has jurisdiction over this matter by virtue of 11 U.S.C. § 502 and Fed.R.Bankr.P. 3007.

2. A corporation dissolved by proclamation by the Secretary of State of New York is governed by N.Y.Bus.Corp.Law §§ 1005 and 1006, and is permitted to sue or otherwise attempt to liquidate or collect a judgment debt awarded prior to the dissolution.

3. The claim filed by Bayview Laundry, Inc. is a valid claim against the Debtor's estate, and the Debtor's motion to expunge the said claim is denied.

4. In the event the Debtor's Plan is confirmed, the Trustee is directed to make distributions to BLI only.

5. The Court makes no determination as to who is entitled to receive a distribution from BLI from the funds collected on behalf of BLI's judgment.