■ PETER BRANDENBERG et al., Respondents, v PRIMUS ASSOCIATES et al., Defendants, and ELAINE EPSTEIN et al.,

Appellants. [757 NYS2d 790] —In an action, inter alia, to recover a brokerage commission, the defendants Elaine Epstein, John Jay Wanderman, and Jerome Reznick appeal from an order of the Supreme Court, Westchester County (LaCava, J.), entered October 1, 2002, which denied their motion to dismiss the complaint insofar as asserted against them pursuant to CPLR 3211 (a) (5) and (7).

Ordered that the order is affirmed, with costs.

The appellants Elaine Epstein, John Jay Wanderman, and Jerome Reznick did not establish their entitlement to dismissal of the complaint insofar as asserted against them pursuant to CPLR 3211 (a) (7) for failure to state a cause of action (*see Campaign for Fiscal Equity v State of New York,* 86 NY2d 307, 318 [1995]; *cf. 219 Broadway Corp. v Alexander's, Inc.,* 46 NY2d 506, 509 [1979]). The "special agreement" for the payment of brokerage commissions to a licensed real estate broker on a lease renewal is outside the statute of frauds (*see* General Obligations Law § 5-701 [a] [10]; *Fidelity Bus. Brokers v Gamaldi,* 190 AD2d 709 [1993]).

The Supreme Court also properly denied that branch of the appellants' motion which was to dismiss the complaint pursuant to CPLR 3211 (a) (5) as barred by the doctrines of res judicata and collateral estoppel (*see Matter of Halyalkar v Board of Regents of State of N.Y.,* 72 NY2d 261, 268 [1988]) where the prior action was dismissed without prejudice (*see Miller Mfg. Co. v Zeiler,* 45 NY2d 956, 958 [1978]) and the issue of legal sufficiency of the complaint was not "necessarily decided" therein (*Matter of Halyalkar v Board of Regents of State of N.Y., supra* at 266; *see Giordano v Patel,* 177 AD2d 468, 469 [1991]). Santucci, J.P., Krausman, Crane and Mastro, JJ., concur.