■ 99 Cents Concepts, Inc., Appellant, v Queens Broadway, LLC, Respondent. [893 NYS2d 627]—

In an action to recover damages for breach of a lease, the plaintiff appeals from so much of an order of the Supreme Court, Queens County (McDonald, J.), entered November 21, 2008, as granted those branches of the defendant's motion which were, in effect, pursuant to CPLR 3211 (a) to dismiss the first through sixth and eighth causes of action of the amended complaint.

Ordered that the order is modified, on the law, by deleting the provision thereof granting those branches of the motion which were to dismiss the first through sixth causes of action of the amended complaint, and substituting therefor a provision denying those branches of the motion; as so modified, the order is affirmed insofar as appealed from, with costs to the plaintiff.

On January 9, 2007, the defendant landlord commenced a summary proceeding in the Civil Court to evict the plaintiff for nonpayment of rent. In its answer in the Civil Court proceeding, the plaintiff asserted a counterclaim to recover payment of excess rent, real estate taxes, and condominium charges, alleging that it had been overcharged because, although its lease entitled it to occupy the entire basement of the premises, the defendant had leased half of the basement to another tenant without its consent. By summons and complaint filed on March 13, 2007, while the Civil Court action was still pending, the plaintiff commenced this action in the Supreme Court, alleging that the defendant had breached the lease by refusing to allow it to occupy the entire basement, and seeking damages, including reimbursement for excess payments. Shortly thereafter, on April 19, 2007, the parties entered into a stipulation settling the Civil Court action in exchange for the plaintiff's agreement to make certain payments, and allowing the entry of a money judgment in the defendant's favor. After setting forth the terms relating to the agreed-upon payments, the stipulation stated that "all agreements above without prejudice to [the plaintiff]'s Supreme Court case." The stipulation was so-ordered by a Civil Court Judge. The plaintiff filed an amended complaint on September 11, 2007.

The defendant initially defaulted in answering or appearing in this action, but its default was thereafter vacated by order

dated July 18, 2008. After vacatur of its default, the defendant moved, inter alia, in effect, pursuant to CPLR 3211 (a) to dismiss the complaint on the ground that it was barred by the doctrines of res judicata and collateral estoppel, and failed to state a cause of action. The Supreme Court granted those branches of the motion which were to dismiss the first through sixth causes of action, agreeing, in essence, that the plaintiff could not maintain these claims in view of the prior Civil Court proceeding. The court also granted the branch of the motion which was to dismiss the eighth cause of action on the ground that it failed to state a cause of action to recover punitive damages. We modify to reinstate the first through sixth causes of action.

Under the doctrine of res judicata, a valid final judgment bars future actions between the same parties on the same cause of action (*see Parker v Blauvelt Volunteer Fire Co.*, 93 NY2d 343, 347 [1999]; *Matter of Reilly v Reid*, 45 NY2d 24, 27 [1978]). As a general rule, "once a claim is brought to a final conclusion, all other claims arising out of the same transaction or series of transactions are barred, even if based upon different theories or seeking a different remedy" (*O'Brien v City of Syracuse*, 54 NY2d 353, 357 [1981]; *see Parker v Blauvelt Volunteer Fire Co.*, 93 NY2d at 347). Although the first through sixth causes of action asserted by the plaintiff in this action arise out of the same transaction as its counterclaim in the Civil Court proceeding, the so-ordered stipulation settling the Civil Court proceeding expressly recited that it was without prejudice to the Supreme Court action, and did not dismiss the plaintiff's counterclaim. Under these circumstances, the so-ordered stipulation was not a final judgment on the merits of the plaintiff's counterclaim which would be entitled to res judicata effect in this action (*see Parker v Blauvelt Volunteer Fire Co.*, 93 NY2d at 349; *City of New York v Caristo Constr. Corp.*, 62 NY2d 819, 821 [1984]; *Miller Mfg. Co. v Zeiler*, 45 NY2d 956, 958 [1978]; *Matter of Coleman v Coleman*, 1 AD3d 833, 834 [2003]; *Brandenberg v Primus Assoc.*, 304 AD2d 694, 695 [2003]; *1829 Caton Realty v Caton BMT Assoc.*, 225 AD2d 599 [1996]; *A. Colish, Inc. v Abramson*, 178 AD2d 252 [1991]). Furthermore, the doctrine of collateral estoppel is not applicable here because the issue of whether the plaintiff was entitled to, and deprived of, full possession of the basement of the premises never was actually litigated and decided in the Civil Court proceeding, which was settled without prejudice to this action (*see Kaufman v Eli Lilly & Co.*, 65 NY2d 449, 456-457 [1985]; *Brandenberg v Primus Assoc.*, 304 AD2d at 695; *Singleton Mgt. v Compere*, 243 AD2d 213, 217 [1998]; *1829 Caton Realty v Caton BMT Assoc.*, 225

AD2d at 599). Accordingly, the Supreme Court should not have granted those branches of the defendant's motion which were to dismiss the first through sixth causes of action.

However, the Supreme Court properly granted that branch of the defendant's motion which was to dismiss the plaintiff's eighth cause of action on the ground that it fails to state a cause of action. New York does not recognize an independent cause of action for punitive damages (*see Tartaro v Allstate Indem. Co.*, 56 AD3d 758 [2008]; *Aronis v TLC Vision Ctrs., Inc.*, 49 AD3d 576, 577 [2008]), and the factual allegations set forth in the complaint do not evidence that the defendant engaged in conduct which rises to the high level of moral culpability necessary to support an award of punitive damages (*see Walker v Sheldon*, 10 NY2d 401 [1961]; *NPR, LLC v Met Fin Mgt., Inc.*, 63 AD3d 1128 [2009]; *Aronis v TLC Vision Ctrs., Inc.*, 49 AD3d at 577).

To the extent that the plaintiff now contends that the court should have stricken the defendant's answer because it did not post a sufficient undertaking to comply with the July 18, 2008, order vacating its default, we note that the plaintiff failed to cross-move for any affirmative relief pursuant to CPLR 2215 (*see Flores v Flores*, 22 AD3d 372, 373 [2005]; *Lebovits v PSFB Assoc.*, 168 AD2d 785 [1990]). Under these circumstances, the contention is not properly before us (*see Free in Christ Pentecostal Church v Julian*, 64 AD3d 1153, 1154 [2009]; *New York State Div. of Human Rights v Oceanside Cove II Apt. Corp.*, 39 AD3d 608, 609 [2007]). Fisher, J.P., Miller, Eng and Hall, JJ., concur. **[Prior Case History: 2008 NY Slip Op 33063(U).]**