# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**76**

**CAF 11-01053**

PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, SCONIERS, AND VALENTINO, JJ.

---

IN THE MATTER OF DEYA L. WILEY,
PETITIONER-APPELLANT,

V                                                    MEMORANDUM AND ORDER

SYLVIA GREER, RESPONDENT-RESPONDENT.

---

DENIS A. KITCHEN, JR., WILLIAMSVILLE, FOR PETITIONER-APPELLANT.

WILLIAM D. BRODERICK, JR., ELMA, FOR RESPONDENT-RESPONDENT.

CHARLES A. MESSINA, ATTORNEY FOR THE CHILDREN, HAMBURG, FOR ALEYAH A. AND DAJAE A.

ELISABETH M. COLUCCI, ATTORNEY FOR THE CHILD, BUFFALO, FOR AMILEYAN A.

---------------------------------------------------------------------------------------------------

Appeal from an order of the Family Court, Erie County (Sharon M. LoVallo, J.), entered March 15, 2011 in a proceeding pursuant to Family Court Act article 8. The order dismissed the petition without prejudice.

It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, the petition is reinstated and the matter is remitted to Family Court, Erie County, for further proceedings in accordance with the following Memorandum: Petitioner mother appeals from an order dismissing without prejudice a family offense petition she filed in February 2011 against respondent, her children's paternal grandmother, who has custody of the subject children. Petitioner had previously filed a family offense petition in October 2010, but she withdrew that petition and Family Court then dismissed it without prejudice. The court dismissed the February 2011 petition from the bench on March 15, 2011, immediately prior to a hearing on issues raised in a separate petition relating to custody and visitation of the subject children. Although the court initially stated in error that the February 2011 petition (hereafter, petition) was identical to the October 2010 petition, the court did not base its dismissal on that ground. Instead, the court explained that the factual allegations in the petition were "remote" and that, because the petition was filed on the eve of the trial scheduled for custody and visitation with respect to another petition, it was "nothing more than a delay tactic." After dismissing the petition, the court noted petitioner's objection and stated that she "can certainly appeal" from its order, which as noted above dismissed the petition without prejudice.

We agree with petitioner that the court erred in dismissing the petition (*see generally Matter of Prezioso v Prezioso*, 79 AD3d 1043, 1043-1044). There was no basis for the dismissal of the petition due to "remote" allegations inasmuch as some of respondent's offending conduct set forth in the petition occurred only 12 days before the petition was filed. Indeed, respondent on appeal does not contend that the petition was properly dismissed on remoteness grounds. There likewise was no basis for the dismissal of the petition as a "delay tactic" on the eve of trial because the court could have proceeded with the hearing scheduled for custody and visitation and considered the petition at a later date.

As an alternative ground for affirmance (*see Parochial Bus Sys. v Board of Educ. of City of N.Y.*, 60 NY2d 539, 545-546), respondent contends that the petition was facially insufficient because it was based on hearsay allegations. That contention is raised for the first time on appeal and thus is not properly before us (*see Ciesinski v Town of Aurora*, 202 AD2d 984, 985).

Finally, respondent contends that reversal is not warranted because the petition was dismissed without prejudice, and petitioner is therefore not barred from filing another petition based on the same allegations. We reject that contention. Inasmuch as there was no basis to dismiss the petition in the first instance, the fact that it was dismissed without prejudice is of no moment. To the extent that respondent is thereby challenging the appealability of an order dismissing a petition "without prejudice," that challenge is lacking in merit (*see e.g. Modica v Allstate Ins. Co.*, 294 AD2d 967).

Entered:  February 8, 2013                    Frances E. Cafarell
                                              Clerk of the Court