■ SABRE REAL ESTATE GROUP, LLC, Appellant, v KAM GHAZVINI et al., Respondents. [35 NYS3d 109]—

In an action to recover a real estate broker's commission, the plaintiff appeals from an order of the Supreme Court, Nassau County (Feinman, J.), dated April 28, 2015, which granted the defendants' motion pursuant to CPLR 3211 (a) (1) and (7) to dismiss the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendants' motion pursuant to CPLR 3211 (a) (1) and (7) to dismiss the complaint is denied.

As alleged in the verified complaint, the plaintiff, a licensed real estate broker, seeks to recover a commission from the defendants arising from a long-term commercial lease entered into on or about January 1, 2014, between the defendants, as landlord, and a nonparty restaurant tenant doing business as Kashi Japanese (hereinafter the tenant).

The plaintiff alleges, in relevant part, that it introduced the defendants to representatives of the tenant, negotiated the terms of the lease over the course of several months, and performed market and engineering studies to confirm the viability of the location for the tenant's intended use. However, when the time came to compensate the plaintiff for its services, the defendants terminated all contact with the plaintiff and thereafter proceeded to enter into the lease with the tenant. The defendants successfully moved to dismiss the complaint based on CPLR 3211 (a) (1) and (7), and we reverse.

"A motion pursuant to CPLR 3211 (a) (1) to dismiss based on documentary evidence may be appropriately granted only where the documentary evidence utterly refutes the plaintiff's factual allegations, [thereby] conclusively establishing a defense as a matter of law" (*25-01 Newkirk Ave., LLC v Everest Natl. Ins. Co.*, 127 AD3d 850, 851 [2015] [internal quotation marks omitted]).

Here, the evidence submitted by the defendants in support of the motion either did not constitute documentary evidence

within the meaning of CPLR 3211 (a) (1), or failed to utterly refute the plaintiff's allegations or conclusively establish a defense as a matter of law (*see 25-01 Newkirk Ave., LLC v Everest Natl. Ins. Co.*, 127 AD3d at 851).

Specifically, we note that a document referred to by the defendants as an "MLS listing agreement," which was submitted by the defendants in support of the motion, is not an agreement at all, but is merely a copy of the rental listing for the subject premises. Such a document does not meet the requirement of being "unambiguous, authentic, and undeniable" (*Granada Condominium III Assn. v Palomino*, 78 AD3d 996, 996-997 [2010]) and, therefore, does not constitute documentary evidence within the intendment of CPLR 3211 (a) (1) (*see generally Fontanetta v John Doe 1*, 73 AD3d 78 [2010]).

The defendants also submitted two unexecuted documents they refer to as "letters of intent," as well as various email correspondence among the parties and the tenant. Even assuming that such materials constitute documentary evidence within the meaning of CPLR 3211 (a) (1), they failed to utterly refute the existence of an express or implied contract for the payment of a commission by the defendants (*see Goshen v Mutual Life Ins. Co. of N.Y.*, 98 NY2d 314, 326 [2002]).

Accordingly, the Supreme Court should have denied that branch of the defendants' motion which was to dismiss the complaint pursuant to CPLR 3211 (a) (1).

"On a motion to dismiss pursuant to CPLR 3211 (a) (7), the facts alleged in the complaint are accepted as true, the plaintiff is accorded the benefit of every possible favorable inference, and the court's function is to determine only whether the facts as alleged fit within any cognizable legal theory" (*Biro v Roth*, 121 AD3d 733, 735 [2014]).

Here, the complaint, as supplemented by the affidavits submitted by the plaintiff in opposition to the motion (*see Arrington v New York Times Co.*, 55 NY2d 433, 442 [1982]), set forth allegations sufficient to state a cognizable cause of action against the defendants (*see Brandenberg v Primus Assoc.*, 304 AD2d 694 [2003]).

Accordingly, the Supreme Court also should have denied that branch of the defendants' motion which was to dismiss the complaint pursuant to CPLR 3211 (a) (7). Mastro, J.P., Chambers, Dickerson and Connolly, JJ., concur.