■ LOTS 4 LESS STORES, INC., Appellant, v INTEGRATED PROPERTIES, INC., et al., Respondents, et al., Defendant. [59 NYS3d 628]—

Appeal from an order of the Supreme Court, Niagara County (Ralph A. Boniello, III, J.), entered January 8, 2016. The order granted the motion of defendants Integrated Properties, Inc., and IT Mid-City Plaza, LLC, to dismiss the amended complaint against them.

It is hereby ordered that the order so appealed from is unanimously reversed on the law without costs, the motion is denied, and the amended complaint against defendants Integrated Properties, Inc. and IT Mid-City Plaza, LLC is reinstated.

Memorandum: Defendant IT Mid-City Plaza, LLC (Mid-City) owns a shopping plaza that is managed by defendant Integrated Properties, Inc. (Integrated Properties) (collectively, defendants). A tanning business was operated in a unit of the shopping plaza by a nonparty husband and wife (former tenants) until January 2014, at which point the former tenants allegedly vacated the premises in violation of an unexpired modification of lease agreement that had previously named them as lessees. Remaining in the unit were tanning beds purportedly owned by The Beach Tanning Company, Inc. (Beach Tanning), which was a corporation held by the husband former tenant as president and sole shareholder. The former tenants subsequently filed for bankruptcy. In September 2014, plaintiff expressed interest to defendants in obtaining possession of the tanning beds, and correspondence between the parties regarding such a transaction continued for several months. During that time, the husband former tenant dissolved Beach Tanning. In January 2015, the bankruptcy trustee transferred all of the husband former tenant's shares in the then-dissolved Beach Tanning to plaintiff. Shortly thereafter, plaintiff claimed ownership of the tanning beds and requested that defendants allow it to retrieve the property from the shopping plaza. Defendants disputed plaintiff's claim of ownership of the tanning

beds. According to plaintiff, defendant Super Sun Capsule Inc. (Super Sun Capsule) is a tenant of the shopping plaza and is currently in possession of the tanning beds, which it uses as part of its business.

Plaintiff and Beach Tanning commenced this action against defendants and Super Sun Capsule alleging causes of action for conversion and replevin, and seeking injunctive relief. Beach Tanning subsequently executed a bill of sale transferring its purported interest in the tanning beds to plaintiff, and also executed an assignment of claim assigning to plaintiff its claims against defendants and Super Sun Capsule arising from ownership of the tanning beds. Plaintiff then amended its complaint by, as relevant here, asserting ownership of the tanning beds and removing Beach Tanning as a party plaintiff. Plaintiff appeals from an order granting defendants' motion to dismiss the amended complaint against them.

Preliminarily, contrary to plaintiff's contention, the record establishes that defendants' motion to dismiss was properly directed against the amended complaint, which had been filed as of right pursuant to CPLR 3025 (a), thereby superseding the original complaint and becoming the only complaint in the case (*see D'Amico v Correctional Med. Care, Inc.*, 120 AD3d 956, 957 [2014]). In addition, the alternative grounds for affirmance asserted by defendants are not properly before us inasmuch as defendants did not raise before the trial court the purported defects in the amended pleading now claimed on appeal (*see Ambrose v Brown*, 142 AD3d 1312, 1314 [2016]; *Matter of Wiley v Greer*, 103 AD3d 1218, 1219 [2013]).

On the merits, we agree with plaintiff that Supreme Court erred in granting defendants' motion to dismiss the amended complaint against them. It is well established that, "[w]hen a court rules on a CPLR 3211 motion to dismiss, it 'must accept as true the facts as alleged in the complaint and submissions in opposition to the motion, accord [the] plaintiff[ ] the benefit of every possible favorable inference and determine only whether the facts as alleged fit within any cognizable legal theory' " (*Whitebox Concentrated Convertible Arbitrage Partners, L.P. v Superior Well Servs., Inc.*, 20 NY3d 59, 63 [2012]; *see Leon v Martinez*, 84 NY2d 83, 87-88 [1994]). "A motion to dismiss pursuant to CPLR 3211 (a) (1) will be granted if the documentary evidence 'resolves all factual issues as a matter of law, and conclusively disposes of the [plaintiff's] claim[s]' " (*Baumann Realtors, Inc. v First Columbia Century-30, LLC*, 113 AD3d 1091, 1092 [2014]; *see Goshen v Mutual Life Ins. Co. of N.Y.*, 98 NY2d 314, 326 [2002]). Although a lease may consti-

tute "documentary evidence" for purposes of CPLR 3211 (a) (1) (*see Sunset Cafe, Inc. v Mett's Surf & Sports Corp.*, 103 AD3d 707, 709 [2013]; *Excel Graphics Tech. v CFG/AGSCB 75 Ninth Ave.*, 1 AD3d 65, 69 [2003], *lv dismissed* 2 NY3d 794 [2004]), we conclude that the original lease purportedly between predecessor lessors and lessees and the several subsequent agreements to modify the lease submitted in support of defendants' motion "failed to utterly refute . . . plaintiff's allegations or conclusively establish a defense as a matter of law" (*Sabre Real Estate Group, LLC v Ghazvini*, 140 AD3d 724, 725 [2016]; *see Maurice W. Pomfrey & Assoc., Ltd. v Hancock & Estabrook, LLP*, 50 AD3d 1531, 1532 [2008]). According plaintiff the benefit of every favorable inference, we conclude that neither the original lease nor the subsequent agreements to modify the lease establish, as a matter of law, that Mid-City or Integrated Properties succeeded the lessor actually named in those documents and, in any event, the provision in the original lease upon which defendants rely does not conclusively establish their possessory rights to the tanning beds. Likewise, defendants are not entitled to dismissal under CPLR 3211 (a) (7) inasmuch as their evidentiary submissions do not establish conclusively that plaintiff has no cause of action against them (*see generally Rovello v Orofino Realty Co.*, 40 NY2d 633, 636 [1976]).

Defendants also sought dismissal of the amended complaint against them pursuant to CPLR 3211 (a) (3) on the ground that plaintiff lacked standing because Beach Tanning, as a dissolved corporation, could not have transferred its shares and sold the tanning beds to plaintiff. We agree with plaintiff that defendants are not entitled to dismissal on that ground. Following dissolution, a corporation may continue to function for the purpose of winding up its affairs, which includes the ability to transfer shares and sell assets (*see* Business Corporation Law §§ 1005 [a] [2]; 1006 [a] [3]; *Matter of 172 E. 122 St. Tenants Assn. v Schwarz*, 73 NY2d 340, 348-349 [1989]; *Matter of Schenectady Mun. Hous. Auth. v Keystone Metals Corp.*, 245 AD2d 725, 727 [1997], *lv denied* 92 NY2d 804 [1998]). The record does not support defendants' cursory assertion in their motion papers that the subject transactions constituted impermissible new business rather than the winding up of Beach Tanning's affairs (*see Schenectady Mun. Hous. Auth.*, 245 AD2d at 727).

Finally, contrary to defendants' contention, plaintiff's claims are not barred by the statutory prohibition against champerty set forth in Judiciary Law § 489. The record establishes that

plaintiff had a legitimate business purpose in acquiring the tanning beds and accepting the assignment from Beach Tanning, and that plaintiff's intent to litigate its claim to ownership of the tanning beds was merely incidental and contingent (*see Hill Intl. v Town of Orangetown*, 290 AD2d 416, 417 [2002]). Present—Whalen, P.J., Smith, Centra, Peradotto and Scudder, JJ.