Cloister E., Inc. v New York State Liq. Auth. (2022 NY Slip Op 06187)

Cloister E., Inc. v New York State Liq. Auth.

2022 NY Slip Op 06187

Decided on November 03, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 03, 2022

Before: Acosta, P.J., Kapnick, Mazzarelli, González, Rodriguez, JJ. 

Index No. 151728/21 Appeal No. 16611 Case No. 2021-02363 

[*1]In the Matter of The Cloister East, Inc., Doing Business as Cloister Cafe et al., Petitioners-Appellants,
v
The New York State Liquor Authority et al., Respondents-Respondents.

Garson, Segal, Steinmetz Fladgate LLP, New York (Robert David Garson of counsel), for appellants.
Letitia James, Attorney General, New York (Blair J. Greenwald of counsel), for respondents.

Judgment, Supreme Court, New York County (Margaret A. Chan, J.), entered April 19, 2021, denying the petition to annul respondent New York State Liquor Authority's January 25, 2021 cancellation order, to enjoin respondents from enforcing the cancellation order, and for an order directing respondents to immediately reinstate petitioner The Cloister East's liquor license, and dismissing the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.
The record in this case established that petitioner Cloister East was a corporation dissolved by proclamation pursuant to Tax Law § 203-a, which had not sought reinstatement by paying its back taxes and penalties. Therefore it lacked legal capacity to bring this proceeding to annul or vacate the cancellation of its liquor license (see Business Corporation Law § 1005[a][1]; Matter of 151st St. Discount Liquors, Inc. v New York State Liq. Auth., 189 AD3d 426, 426 [1st Dept 2020], lv denied 37 NY3d 903 [2021]; Metered Appliances, Inc. v 75 Owners Corp., 225 AD2d 338, 338 [1st Dept 1996]; B&O Realty Corp. v Chong-Yau Jeng, 201 AD2d 439, 439 [1st Dept 1994]).
Petitioners did not raise their current judicial estoppel argument before the article 78 court (see Thompson-Shepard v Lido Hall Condominiums, 168 AD3d 614, 614 [1st Dept 2019]). In any event, petitioners' argument is unavailing, as the record does not reflect that respondents advanced an inconsistent position in a prior action concerning Cloister East's legal capacity to commence this proceeding (see generally Becerril v City of N. Y. Dept. of Health & Mental Hygiene, 110 AD3d 517, 519 [1st Dept 2013], lv denied 23 NY3d 905 [2014]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 3, 2022