Blooming Home Realty, LLC v Infinity Holdings Northeast, LLC (2024 NY Slip Op 03402)

Blooming Home Realty, LLC v Infinity Holdings Northeast, LLC

2024 NY Slip Op 03402

Decided on June 20, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 20, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
PAUL WOOTEN
WILLIAM G. FORD
JANICE A. TAYLOR, JJ.

2023-03065
 (Index No. 4673/22)

[*1]Blooming Home Realty, LLC, etc., respondent,
v
Infinity Holdings Northeast, LLC, appellant.

Kitson & Schuyler P.C., Croton-on-Hudson, NY (Peter Schuyler and Roseann Kitson Schuyler of counsel), for appellant.
Whiteman Osterman & Hanna LLP, Albany, NY (Robert S. Rosborough IV and Anna V. Seitelman of counsel), for respondent.

DECISION & ORDER
In an action to recover a real estate brokerage commission, the defendant appeals from an order of the Supreme Court, Orange County (Maria Vazquez-Doles, J.), dated February 9, 2023. The order denied the defendant's motion pursuant to CPLR 3211(a) to dismiss the complaint.
ORDERED that the order is affirmed, with costs.
In May 2021, the plaintiff commenced an action against the defendant to recover a real estate brokerage commission arising out of an agreement granting the plaintiff an exclusive right to sell certain property owned by the defendant, subject to certain conditions. In an order dated March 9, 2022 (hereinafter the prior order), the Supreme Court, inter alia, granted that branch of the defendant's motion which was pursuant to CPLR 3211(a) to dismiss the cause of action alleging breach of contract on the ground that it failed to state a cause of action.
The plaintiff thereafter commenced this new action to recover the brokerage commission. The defendant moved pursuant to CPLR 3211(a) to dismiss the complaint, contending, inter alia, that the action was barred by the doctrines of res judicata and collateral estoppel, and that the plaintiff failed to state a cause of action. In an order dated February 9, 2023, the Supreme Court denied the defendant's motion. The defendant appeals.
In considering a motion pursuant to CPLR 3211(a)(7) to dismiss a complaint, the court must "accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (Sokol v Leader, 74 AD3d 1180, 1181 [internal quotation marks omitted]; see Leon v Martinez, 84 NY2d 83, 87-88).
Generally, "[t]o prevail on a cause of action to recover a commission, the broker must establish (1) that it is duly licensed, (2) that it had a contract, express or implied, with the party to be charged with paying the commission, and (3) that it was the procuring cause of the sale" (All Is. Estates Realty Corp. v Singh, 219 AD3d 1392, 1392 [internal quotation marks omitted]; see New York Commercial Realty Group, LLC v Beau Pere Real Estate, LLC, 216 AD3d 793, 795). [*2]However, "where a broker has been granted an 'exclusive right to sell,' the broker 'would be entitled to a commission even if the defendant alone were responsible for the sale'" (New York Commercial Realty Group, LLC v Beau Pere Real Estate, LLC, 216 AD3d at 798, quoting Hammond, Kennedy & Co. v Servinational, Inc., 48 AD2d 394, 397; see Morpheus Capital Advisors LLC v UBS AG, 23 NY3d 528, 534-535). "As a result, 'a broker with an exclusive right to sell need not show that it was the procuring cause of the sale'" (New York Commercial Realty Group, LLC v Beau Pere Real Estate, LLC, 216 AD3d at 798, quoting Sioni & Partners, LLC v Vaak Props., LLC, 93 AD3d 414, 417).
Here, the Supreme Court properly denied dismissal of the complaint pursuant to CPLR 3211(a)(7). Contrary to the defendant's contention, the complaint in this action, incorporating the annexed exclusive right to sell agreement, set forth allegations sufficient to state a cognizable cause of action against the defendant (see Sabre Real Estate Group, LLC v Ghazvini, 140 AD3d 724, 725; Brandenberg v Primus Assoc., 304 AD2d 694).
The Supreme Court also properly denied dismissal of the complaint pursuant to CPLR 3211(a)(5) on the ground that the action was barred by the doctrines of res judicata and collateral estoppel. "Where a dismissal does not involve a determination on the merits, the doctrine of res judicata does not apply" (1155 Nobo Assoc., LLC v New York Hosp. Med. Ctr. of Queens, 181 AD3d 937, 938 [internal quotation marks omitted]; see Shahid v Legal Aid Socy., 173 AD3d 1099, 1101). "'As a general rule, a dismissal for failure to state a cause of action is not on the merits and, thus, will not be given res judicata effect'" (Shahid v Legal Aid Socy., 173 AD3d at 1101, quoting Pereira v St. Joseph's Cemetery, 78 AD3d 1141, 1142). Such a dismissal pursuant to CPLR 3211(a)(7) "'has preclusive effect only as to a new complaint for the same cause of action which fails to correct the defect or supply the omission determined to exist in the earlier complaint'" (Ward v Klein, 203 AD3d 1217, 1218, quoting 175 E. 74th Corp. v Hartford Acc. & Indem. Co., 51 NY2d 585, 590 n 1). Here, the plaintiff corrected the relevant omissions in the prior pleadings, and the complaint stated a valid cause of action against the defendant based upon breach of a contract (see Furia v Furia, 116 AD2d 694, 695).
Contrary to the defendant's contention, the issue of whether the agreement's terms obviated the general requirement, in seeking a brokerage commission, that the plaintiff be the procuring cause of the sale, was not necessarily decided by the Supreme Court in the prior order. Thus, this action lacks the identity of issues necessary for application of the doctrine of collateral estoppel (see Brandenberg v Primus Assoc., 304 AD2d at 695; Rapp v Lauer, 200 AD2d 726, 728).
The defendant's remaining contention is not properly before this Court.
DUFFY, J.P., WOOTEN, FORD and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court