Li v Wisteria Gardens Condominium (2025 NY Slip Op 00348)

Li v Wisteria Gardens Condominium

2025 NY Slip Op 00348

Decided on January 22, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 22, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
CHERYL E. CHAMBERS
WILLIAM G. FORD
CARL J. LANDICINO, JJ.

2023-00680
 (Index No. 713982/22)

[*1]Yvonne Yihwen Li, respondent,
v
Wisteria Gardens Condominium, et al., appellants.

Huang, Chen, Wu & Zhu, PLLC, Flushing, NY (Song Chen of counsel), for appellants.
Law Offices of Chen & Associates, P.C., Flushing, NY (Yimin Chen and Edward W. Miller of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the defendants appeal from an order of the Supreme Court, Queens County (Frederick D.R. Sampson, J.), entered November 23, 2022. The order denied the defendants' motion pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against the defendants Board of Managers of Wisteria Gardens Condominium, 4 Seasons International Management, Inc., Jessica Chang, and Hui Yan Chen as barred by the doctrines of collateral estoppel and res judicata.
ORDERED that the order is affirmed, with costs.
The plaintiff commenced an action in April 2021 (hereinafter the first action), asserting two causes of action against the defendants Board of Managers of Wisteria Gardens Condominium, 4 Seasons International Management, Inc., Jessica Chang, and Hui Yan Chen (hereinafter collectively the first action defendants). The first action was dismissed, without prejudice, pursuant to CPLR 1001(b) for failure to join a necessary party, namely, Wisteria Gardens Condominium.
On July 5, 2022, the plaintiff commenced the instant action against the first action defendants, as well as the defendant Wisteria Gardens Condominium. The defendants moved pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against the first action defendants, alleging that the allegations against those defendants were barred by the doctrines of collateral estoppel and res judicata. In an order entered November 23, 2022, the Supreme Court denied the defendants' motion. The defendants appeal.
The Supreme Court properly denied the defendants' motion to dismiss the complaint insofar as asserted against the first action defendants. This action is not barred by the doctrines of collateral estoppel and res judicata. The first action was dismissed, without prejudice, pursuant to CPLR 1001(b) for failure to join a necessary party, and the necessary party was subsequently joined in the current action. Therefore, in dismissing the first action, the court did not "necessarily decide" the issue of legal sufficiency as against the defendants named in that action (Simmons v Trans Express Inc., 37 NY3d 107, 112; see Brandenberg v Primus Assoc., 304 AD2d 694).
The defendants' remaining contentions are without merit.
BARROS, J.P., CHAMBERS, FORD and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court